THE PEOPLE ex rel. AUGUSTUS F. WEEKES, Appellant, v. THE BOARD OF SUPERVISORS OF QUEENS COUNTY, Respondent.

Defendant, in December, 1878, issued its warrant to the collector of the town of F. for the collection of the annual tax levied on the town, which included items for the payment of an installment of principal and inter-

est on bonds of the town issued to pay for a highway improvement. On January 6, 1879, an order was granted for defendant to show cause why a writ of *certiorari* should not issue, and on February 4, 1879, the writ was issued and judgment entered directing that the said items be stricken from the tax-roll and the warrant amended accordingly. *Held,* error; that the jurisdiction of defendant and its power to amend the roll terminated with the levy of the tax and the delivery of the roll and warrant to the proper officer; that neither the roll nor the warrant was before the court and the directions in the judgment were wholly unavailing.

*People ex rel. Weekes* v. *Supervisors* (18 Hun, 4), modified.

(Submitted September 23, 1880 ; decided October 5, 1880.)

APPEAL from judgment of the General Term of the Supreme Court, in the second judicial department, reversing a judgment in favor of plaintiff entered upon return to a writ of *certiorari* and reversing and setting aside the writ. (Reported below, 18 Hun, 4.)

The relator, as a tax payer of said town, made application for the writ for the purpose of reviewing the proceedings of the defendant in including in the annual tax-roll of the town of Flushing items for the payment of interest and an installment of principal falling due on bonds of the town, issued under authority of defendant to pay for the improvement of a highway in said town.

The warrant for the collection of the annual tax in question was issued to the collector of said town December 21, 1878. These proceedings were instituted by an order to show cause why a writ of *certiorari* should not issue. Said order was granted January 6, 1879, and made returnable January 11. The writ was issued February 4, 1879 ; a return was made thereto, and on the same day a judgment was entered adjudging the proceedings of defendant, in reference to said bonds, illegal and void and reversing the same so far as they related to the items of the tax levy in question, and directing that said items be stricken from the tax-roll, and that the warrant be amended accordingly.

*Geo. W. Van Siclen* for appellant. If the action of the board of supervisors has been *ultra vires,* the Supreme Court

has power to review it. (*People ex rel. Haskin* v. *Suprs. Westchester Co.*, 57 Barb. 377; *People* v. *Suprs. Liv. Co.*, 43 id. 232, 239; *Wildey* v. *Washburn*, 36 Johns. 49; *Starr* v. *Trustees of Rochester*, 6 Wend. 565; *Le Roy* v. *Mayor, etc.*, 20 Johns. 430.)   The court had power to strike the items from the tax levy. (*People* v. *Reddy*, 43 Barb. 545; *People ex rel. Bay State L. Co.* v. *McLean*, 5 Abb. N. C. 137.)

*Downing & Stanbrough* for respondent.   The office of a writ of *certiorari* is to correct errors of a judicial character, and not of a ministerial or legislative character. (*People* v. *Mayor, etc.*, 2 Hill, 9, 11; *In re Mt. Morris Square*, id. 14; 15 Pick. 243; *People* v. *Board of Health*, 33 Barb. 346; 44 id. 467.)

*Per Curiam.* We are of opinion that the General Term, instead of reversing the judgment of the Special Term on the merits, should have reversed it without considering the merits, on the ground that upon the facts appearing on the return, no relief could be granted.   It appears by the return to the *certiorari*, that prior to the issuing of the writ the board of supervisors had issued its warrant to the tax collector of the town of Flushing, for the collection of the annual tax levied by the board, which included the items for the payment of the installment of principal and interest to become due during the year 1879, on the bonds of the town, issued to pay for the improvement in question.   The collector's warrant was issued December 21, 1878, and the order to show cause why the writ of *certiorari* should not issue was made January 6, 1879, and the writ was issued February 4, 1879, on which day judgment was entered, directing that the sum of $11,180, inserted in the tax-roll of the town of Flushing, for the payment of principal and interest on the bonds, be stricken therefrom, and that the warrant for the collection thereof be amended accordingly.

When the writ was issued the tax-roll was not in possession of the defendant.   The jurisdiction of the supervisors and the power of the board to change the roll terminated with the levy

of the tax, and the delivery of the tax-roll and warrant to the proper town officers. Neither the tax-roll nor warrant were before the court when the judgment was rendered on the return of the writ, and a direction to the board of supervisors to correct the roll or amend the warrant was wholly unavailing. It must be assumed that in due course the tax has been collected. The relator cannot in this proceeding be relieved from the alleged illegal tax, and we think the judgment of the General Term should be modified so that it shall direct a reversal of the judgment of the Special Term, and that the writ be quashed. (*People* v. *Supervisors of Allegany*, 15 Wend. 211; *People ex rel.* v. *Supervisors of Queens*, 1 Hill, 195; *People* v. *Mayor*, etc., 2 id. 10; *People ex rel.* v. *Delaney*, 49 N. Y. 655; *People ex rel.* v. *Comm'rs of Taxes*, etc., 9 Hun, 609.)

All concur, except RAPALLO, J., absent.

Judgment accordingly.