THE PEOPLE OF THE STATE OF NEW YORK ex rel. JOHN B. GALE AND OTHERS, v. THE BOARD OF SUPERVISORS OF RENSSELAER COUNTY.

*Certiorari — audits of a board of supervisors, cannot be reviewed after the roll has been signed and the tax warrants delivered.*

In December, 1883, the board of supervisors of Rensselaer county audited and allowed a bill presented to it and thereafter, after signing the tax-book and warrants for the collection of the taxes, adjourned *sine die*. On April seventh, the relators, upon an affidavit charging that the board had no jurisdiction to audit the claim, and that the county treasurer threatened to pay it, obtained a writ of *certiorari* requiring the board to make a return of all their proceedings:

*Held*, that the writ should be quashed, as the board had no power over the matter after the roll had been signed and the warrant delivered.

*People ex rel. Weekes* v. *Supervisors of Queens County* (82 N. Y., 275) followed.

CERTIORARI to review the action of the board of supervisors of the county of Rensselaer, in auditing and allowing the claims of a deputy sheriff for services rendered by him in traveling to execute criminal processes in criminal cases.

*Charles E. Patterson*, for the relators.

*B. C. Strait* and *R. E. Andrews*, for the respondent.

BY THE COURT:

The board met November 13, 1883. On December 12, 1883, a report was made upon a certain bill and vouchers of one Ahern, and the report was duly adopted the next day. The supervisors signed the tax book and warrants for the collection of the taxes, and afterwards adjourned *sine die* December 15, 1883.

On the 7th of April, 1884, the relators, on an affidavit charging that this bill of Ahern's was erroneous and illegal, and that the board had no jurisdiction to allow such a claim, and that there was no proof to sustain it, and that the county treasurer threatened to pay the bill, obtained a *certiorari*, directed to the board, requiring them to return their proceedings and all the evidence. That *certiorari* and the return comes on to be heard.

The respondents insist that the writ should be quashed on the ground that prior to its issue the board had issued its warrants; that the money had been collected and was at the time in the hands of the county treasurer. It seems to us that the case of *People ex rel. Weekes* v. *Supervisors of Queens County* (82 N. Y., 275) is conclusive on this point. We see no difference between that case and the present, and it follows that the writ must be quashed.

The writ should be quashed, with fifty dollars costs and disbursements

Present — LEARNED, P. J., BOCKES and LANDON, JJ.

Writ quashed, with fifty dollars costs and disbursements.