PEOPLE ex rel. N. Y., O. AND W. R. CO. *v.* CHAPIN. 239

THIRD DEPARTMENT, NOVEMBER TERM, 1886.

THE PEOPLE OF THE STATE OF NEW YORK ex rel. NEW YORK, ONTARIO AND WESTERN RAILWAY COMPANY AND OTHERS *v.* ALFRED C. CHAPIN, COMPTROLLER OF THE STATE OF NEW YORK, AND JAMES L. WILLIAMS AND OTHERS, ASSESSORS, RESPONDENTS.

*Assessment of the expenses of the railroad commissioners on railroad companies — the State officers in so doing act judicially — their action may be reviewed on* certiorari — *construction of the provision of section* 13 *of chapter* 353 *of* 1882.

*Certiorari* to review the proceedings of the defendants, as State officers, in making an apportionment of the expenses of the board of railroad commissioners for the year immediately preceding July 1, 1886, pursuant to section 13 of chapter 353 of 1882, which provides that these expenses shall be borne by the several corporations owning or operating railroads "according to their means," and directs the said officers to "assess upon each of said corporations its just proportion of said expenses, one-half in proportion to its net income for the year next preceding that in which the assessment is made, and *one-half in proportion to the length of the main track or tracks on (its) road;* and such assessment shall be collected in the manner provided by law for the collection of taxes upon corporations."

*Held,* that the State officers in apportioning and assessing the expenses acted in a *quasi* judicial character, and that their action was reviewable on *certiorari* by a company aggrieved thereby. (BOCKES, J., dissenting.)

It was admitted that the assessment was made in proportion to one main track on a road-bed, and not in proportion to the several main tracks there might be thereon.

*Held,* that it was error so to do; that the legislature intended that all the main tracks, and not merely a single one, should be included in the estimate.

That the fact that the return disclosed that the assessment had been completed, and that the amounts assessed upon some of the railroads had been paid by them, did not require the court to dismiss the writ as it was not shown that the respondents delivered to any one, or parted with, the assessment which they had made, nor did it appear that the statute required they should deliver the same to any one.

CERTIORARI to review an apportionment, made by the respondents, of the expenses of the board of railroad commissioners, among the railroad corporations of the State, for the year ending June 30, 1886.

Chapter 353, Laws of 1882, entitled "An act to create a board of railroad commissioners, and to define and regulate its powers and duties," provides (sec. 13) that "the annual total expense of the said board of railroad commissioners * * * shall be borne by

240   PEOPLE ex rel. N. Y., O. AND W. R. CO. *v.* CHAPIN.

THIRD DEPARTMENT, NOVEMBER TERM, 1886.

the several corporations owning or operating railroads, according to ' their means, to be apportioned by the comptroller and State assessors, who, on or before the first day of July in each year, shall assess upon each of said corporations its just proportion of said expenses, one-half in proportion to its net income for the year next preceding that in which the assessment is made, and one-half in proportion to the length of main track or tracks on (its) road, and such assessment shall be collected in the manner provided by law for the collection of taxes upon corporations."

On June 30, 1886, the respondents made an apportionment of the expenses of the board for the preceding year, and assessed one-half thereof upon the corporations, in proportion to their net income, as provided by the act, but assessed the other half in proportion to the length of the first or single main track (7,861 miles) only on the road of each, instead of all main track or tracks (10,624 miles), as the act requires. The roads of the relators are mainly single track, and the failure of respondents to include all the main tracks, on roads which have more than one track, increases the assessment against relators.

Prior to the making of the assessment, two of the relators served a written demand upon respondents, in which they claimed that the respondents should make the apportionment in the manner now contended for.

*John B. Kerr*, for the relators.

*D. O'Brien*, attorney general, for the respondents.

LEARNED, P. J.:

By section 13, chapter 353, Laws of 1882, the comptroller and State assessors are to assess on each of the railroads in this State the expenses of the railroad commissioners (which, by a previous section, are to be audited by the comptroller). The assessment is to be one-half in proportion to the net income of the corporation, and one-half in proportion to the length of the main track or tracks of the road.

It seems to us that the respondents act in a *quasi* judicial character. They are to ascertain and determine how much is the net income; how long are the main tracks. And this determination

PEOPLE ex rel. N. Y., O. AND W. R. CO. *v.* CHAPIN. **241**

THIRD DEPARTMENT, NOVEMBER TERM, 1886.

further involves (as appears by this action) the disputed question, what is the meaning of "main track or tracks." Their decision takes from one railroad and imposes on another a charge, according as they estimate the net income and the main tracks of one or another at a greater or less amount.

Exercise of judgment and discretion in a public agent, it is true, does not make him a judicial officer (*People ex rel. Corwin* v. *Walter*, 68 N. Y., 411), because ministerial officers are not required to act like idiots. But where a burden is to be borne by each of several parties in a proportion dependent on facts and law, and a board is to make the apportionment according to facts and law; such board has to decide law and fact between conflicting parties. That is judicial.

Is it too late for the relators to obtain relief? The respondents are not required to issue any warrant, they are merely directed to assess, then the assessment is to be collected as provided for collection of taxes upon corporations. That would seem to refer to the taxation under chapter 542, Laws 1880; and the mode provided for the collection of those taxes appears to be an action by the people. (Sec. 9 of that Act.) Therefore the position of these respondents does not seem to be like that of supervisors, who issue a warrant on their tax-roll and deliver that to the collecting officer. Hence the case of *People ex rel. Weeks* v. *Supervisors* (82 N. Y., 275), is not quite applicable. There is no tax-roll or warrant in this case which is beyond the reach of the respondents. If some of the railroads have paid their assessed amounts, the payment may have been voluntary and restitution may be awarded (Code, § 2142), as may be done on appeal from a judgment. (Sec. 1323.) For the determination need not be reversed. It may be modified (sec. 2141); and these two new provisions seem to relieve cases like this from some difficulties.

The return of the respondents only shows that several railroad companies have paid their proportions as assessed. Any party interested in upholding the decision may come in. (Sec. 2137.) And, in fact, the railroads that have paid appeared on the argument, so that the parties who claim that a reversal or modification would affect them have been heard.

It is not shown in the return that the respondents have delivered to any one, or parted with, the assessment which they made. Nor

242 PEOPLE ex rel. N. Y., O. AND W. R. CO. v. CHAPIN.

THIRD DEPARTMENT, NOVEMBER TERM, 1886.

does it appear by the statute that they should deliver the same to any one, so that they do not stand in the position of the assessors of taxes (*People ex rel. Marsh* v. *Delaney*, 49 N. Y., 655), or of the commissioner of taxes (*People ex rel. Law* v. *Commissioners*, 10 Sup. Ct. [9 Hun], 609), or of the supervisors, as in *People* v. *Supervisors* (*ut supra*). They are, so far as appears, in fact and legally, the custodians of the assessment which is sought to be reviewed. (Code, § 2129.) And they have made return to the writ, setting forth their assessment by reference to the schedule attached to the petition ; and thus they have not claimed that the assessment is not still in their custody.

On the merits it seems to us that the relators are right. As the fact did not appear distinctly on the return, it was admitted upon the argument (to prevent any doubt upon this point) that the assessment was made in proportion to the one main track on a road-bed and not in proportion to the several main tracks on a road-bed.

The intention of the legislature seems to have been, in the first place, to apportion one-half according to net income, which would be equitable so far as the roads were profitable. But, inasmuch as some roads might not be profitable, and yet ought to bear their share, the other half was to be apportioned on a different basis ; on a basis of what might be considered, approximately, the magnitude of the road, and a basis which would also measure, approximately, the labor of the railroad commissioners in respect thereto. That basis is "the length of main track, or tracks, of road."

Now the respondents, in assessing, take into account only one main track. As, for instance, the New York Central and Hudson River Railroad Company has in fact $2,130\frac{43}{100}$ miles of main tracks. But inasmuch as in some places four, and in other places two, of these main tracks are parallel, that company is assessed on only $993\frac{29}{100}$ miles. These facts appear in the schedules, and were practically admitted on the argument.

Now the argument of the respondents is that the legislature intended that the test should be the value of the property, based upon the earnings and income. But plainly the legislature did not mean this. They meant that one-half should be assessed in proportion to net income, but that the other half should be assessed in another proportion. The very use of the words " or tracks " in the

PEOPLE ex rel. N. Y., O. AND W. R. CO. *v.* CHAPIN. **243**

THIRD DEPARTMENT, NOVEMBER TERM, 1886.

statute shows that all the main tracks, and not merely a single one, were to be estimated. If the statute had meant what the respondents claim, it would have said "in proportion to the length of one main track on road." This construction is sustained by the specifications required in annual reports. (Chap. 575, Laws 1880.) There several tracks on main line are spoken of, and are distinguished from sidings and turnouts. Notice, especially, Table C., No. 45: "Miles of steel rails (reduced to single track) in main line." That certainly includes several parallel main lines.

It is urged by the respondents that the assessment is, according to the statute, to be made on the roads "according to their means." If this expression were to be taken as explaining the more definite language which follows, would it not be reasonable to hold, if there were two roads, having road-beds of equal length, and one road had one main track and the other two, that the "means" of the latter were double that of the former? Indeed, the argument of the respondents expressly says that the intention of the legislature was to assess this remaining one-half "upon the length of their respective road beds." Thus the respondents show that different language would accurately express what they claim to have been intended.

We think that the assessment upon the relators should be reduced in accordance with these views. The amounts are a matter of calculation and will be stated in the order.

Fifty dollars costs and disbursements to relators.

LANDON, J. :

The relators have been assessed for too much. It is no answer to their complaint that others have been assessed too little, unless it appear that the public interests would, by correcting this wrong, suffer greater wrong. It does not so appear in this case. The relators' assessment can be reduced to its proper amount, and should be.

Assessments modified and reduced as follows (see p. 5, Mr. Kerr's brief), with fifty dollars costs and printing disbursements.

BOOKES, J. (dissenting) :

The law here brought under examination (Laws of 1882, chap. 353) provides for an assessment of the expenses incurred by the board of railroad commissioners, to be imposed and collected pursuant to a

provision contained in section 13 of that act, which is as follows: "Such expenses shall be borne by the several corporations owning or operating railroads, according to their means, to be apportioned by the comptroller and State assessors, who, on or before the first day of July in each year, shall assess upon each of said corporations its just proportion of said · expenses, one-half in proportion to its net income for the year next preceding that in which the assessment is made, and one-half in proportion to the length of main track or tracks on road, and such assessment shall be collected in the manner provided by law for the collection of taxes upon corporations."

The *certiorari* in this case is brought to review the action of the comptroller and State assessors in making an assessment upon the railroad companies under this provision; and the error charged is this: That the defendants did not follow the law, in that they omitted to assess the one-half of the expense upon the entire main track of the roads, but made the assessment according to the length of the line of road-bed, there being in some instances several lines of main track laid and used thereon.

We are of the opinion that the question in dispute is not properly before us in this proceeding, and that the *certiorari* should be quashed, and for two reasons: First. This law imposes no judicial duty upon the officers named as regards the subject in controversy. The action required of them is but ministerial. They are given no discretion on the subject, nor is there any fact to be judicially determined by them as a basis for their action, as regards the alleged error here complained of. The law itself declares precisely what shall be their action, and gives the entire basis for their action. The error here complained of, if well grounded, may, perhaps, be reached and corrected by *mandamus;* but as to this we give no opinion. It is sufficient here that the relators are not entitled, in this proceeding, to the relief demanded, even if correct in their allegations of error.

The *certiorari* should be quashed, with fifty dollars costs and disbursements against the relators.

Assessments modified and reduced according to opinion. Order to be settled by LEARNED, P. J.