THE PEOPLE OF THE STATE OF NEW YORK ex rel. JOHN S. MORRELL, v. THE BOARD OF SUPERVISORS OF QUEENS COUNTY.

*Improvement of highways by boards of supervisors — unlimited power to do so, and to apportion the expenses thereof among the towns, is conferred upon them by chapter 855, of 1869.*

On February 10, 1887, the board of supervisors of Queens county passed a resolution providing for the grading, regulating and macadamizing of a portion of a public highway known as Jackson avenue, situated in the town of Newtown, and directing that the cost of the improvement, not exceeding $30,000, should be assessed as follows: On the town of Newtown the sum of $12,000; on the town of Flushing the sum of $8,000, and on the town of North Hempstead the sum of $10,000. The highway passed through all these towns. In this proceeding, instituted by the town of North Hempstead, to review the proceedings. and set aside the tax imposed upon it:

*Held,* that the action of the board of supervisors was justified by the second section of chapter 855 of 1869, extending the powers of boards of supervisors. except in the counties of New York and Kings.

That the power of the legislature over the subject of taxation is plenary and absolute in this State, and the passage of the law in question was an exercise of sovereign power, which is subject to no review by the judicial tribunals.

That the resolution for the improvement of Jackson avenue was an exercise of the power of local legislation conferred upon the board of supervisors by that act which vested unlimited power for the improvement of any highway laid out in pursuance of law, and for the apportioning of the expense of any public road or bridge upon such terms as may be just, and under that law the determination as to the justice of any apportionment of the expenses of an improvement is left to the board of supervisors, which in this respect is subject to no judicial control.

Writ of *certiorari* to review the legality of a tax of $5,444.44 imposed by the board of supervisors of Queens county on the town of North Hempstead, on the 15th day of December, 1887.

This tax was levied to pay indebtedness incurred for improvements made in grading, regulating and macadamizing a portion of Jackson avenue in the town of Newtown. The entire expense of such improvement is $30,000. And the board of supervisors resolved that North Hempstead should pay $10,000 thereof; Flushing, $8,000, and Newtown, $12,000, and directed the county treasurer to borrow this sum "upon the faith and credit of the county," the county debt "to be repaid to the county in manner following, to wit: "The sum of $12,000 by the town of Newtown; the sum of $8,000 by the town of Flushing, and the sum of $10,000 by the town of North Hempstead." The amount of $5,444.44 levied as above against North Hempstead is $5,000 (being one-half of the $10,000 above mentioned), and $444.44 interest accrued on that part of the loan. This writ was obtained at the instance of Jacob S. Powell, Esq., supervisor of the said town of North Hempstead, to procure an adjudication on behalf of all the taxpayers of said town.

*Thomas Young*, for the relator.

*James W. Covert*, for the respondent.

DYKMAN, J.:

Jackson avenue is a public highway in Queens county, and is a public thoroughfare for the people of several towns on Long Island, including North Hempstead, Flushing and Newtown. On the 10th day of February, 1887, the board of supervisors of the county of Queens passed a resolution for the improvement of that portion of the avenue lying in the town of Newtown, the expense of which was not to exceed the sum of $30,000, which was to be assessed upon the towns of Newtown, Flushing and North Hempstead, and the legality of that resolution is now challenged by the relator in this proceeding, which is instituted to review the proceedings and set aside the tax, imposed upon the town of North Hempstead, to pay and discharge the portion of the expenses of the improvement assessed against that town.

The action of the board of supervisors, which is brought in question now, is justified by the second section of chapter 855 of the Laws of 1869, which clothes the boards of supervisors of the several counties of this State, with two exceptions, with power to provide

for the use of abandoned turnpike, plank or macadamized roads within any town as public highways, and for the improvement of any public highway laid out in pursuance of law, and for the location, erection, repair or purchase of any bridge, except over navigable streams; and for apportioning the expense of any public road or bridge upon such towns as may be just; and for the borrowing of money by any town or towns, or by the county for the purposes aforesaid, or for general purposes in anticipation of taxation for such purposes authorized by law, but jurisdiction in the cases enumerated cannot be exercised without the assent of two-thirds of all the members of the board by yeas and nays; and no special ordinance relating to one town or ward only shall become operative unless it shall receive the affirmative vote of the supervisor representing such town or ward.

The power of the legislature over the subject of taxation is plenary and absolute in this State, and the passage of the law in question was an exercise of sovereign power which is subject to no review by the judicial tribunals.

By the Constitution of the State the legislature was authorized to delegate by general laws such powers of local legislation as it might deem expedient, from time to time, to the boards of supervisors of the respective counties, and the extent of the powers so to be delegated was left unbounded by the fundamental law, and was to be fixed by the legislature in its discretion. (Art. 3, sec. 23.)

The resolution for the improvement of Jackson avenue now under review seems to be an exercise of the power of local legislation conferred upon the board of supervisors by the law of 1869 (Chap. 855), which bestows unlimited power for the improvement of any highway laid out in pursuance of law, and for the apportioning of the expense of any public road or bridge upon such towns as may be just, and under that law the determination of the justice of any apportionment of the expenses of an improvement is left to the board of supervisors, subject to no judicial control.

We find the action of the board of supervisors legal and proper, and the proceedings should be confirmed, with costs.

Barnard, P. J. and Pratt, J., concurred.

Order affirmed, with costs.