PEOPLE *ex rel.* TRUSTEES OF THE VILLAGE OF JAMAICA *et al. v.* BOARD OF SUP'RS OF QUEENS COUNTY.

*(Supreme Court, General Term, Second Department.* December 14, 1891.)

1. CERTIORARI—ACTION OF BOARD OF SUPERVISORS—IMPROVEMENT OF HIGHWAYS.

*Certiorari* lies to review the power of the board of supervisors of a county to pass an act for the improvement of streets and highways in a town, and directing an issue of bonds for the purpose of defraying the expense thereof, at common law, and the office of the writ in that respect has not been taken away by any statutory enactment in the state of New York.

2. COUNTIES—POWER OF BOARD OF SUPERVISORS—IMPROVEMENT OF HIGHWAYS.

Laws 1869, c. 855, § 1, provides that the county board of supervisors may authorize the supervisor of any town in the county, with the consent of the town officers, to borrow money on the credit of the town to build or repair any road or bridge in the town. Section 2 provides that "such board of supervisors shall have power to provide * * * for the improvement of any public highway laid out in pursuance of law, * * * and for the borrowing of money by any town * * * for the purpose aforesaid;" but that such power shall not be exercised without the

two-thirds vote of the board and the affirmative vote of the town supervisor. *Held*, that the exercise of the power conferred by section 2 is not affected by the restriction contained in section 1 as to the consent of the town officers.

**3. SAME—STREETS OF VILLAGE.**
The right of the board to direct such improvement is not affected by the fact that the highways to be improved formed part of the streets of an incorporated village within the limits of the town in question.

**4. SAME—EXTRAVAGANCE OF UNDERTAKING—REVIEW.**
The action of the board of supervisors in directing such improvement and issue of bonds is not subject to review by the supreme court on the ground of the extravagance of the undertaking and appropriation.

*Certiorari* on the relation of the trustees of the village of Jamaica and Aaron A. Degrauw and others, tax-payers, against the board of supervisors of Queens county, to review the action of the board in directing the improvement of certain highways in the town of Jamaica, and an issue of county bonds to defray the expense thereof. Action of the board affirmed.

Argued before BARNARD, P. J., and DYKMAN and PRATT, JJ.

*A. N. Weller*, for appellant. *Francis H. Van Vechten*, for respondents.

BARNARD, P. J.· The board of supervisors of Queens county, on the 25th of May, 1891, enacted that certain streets and highways in the town of Jamaica be improved, and that an issue of bonds to the amount of $400,000 be issued by the county of Queens for the purpose of defraying the expense. These bonds were to be paid, principal and interest, out of the taxable property of Jamaica. The interest was payable semi-annually, and the principal in 1921. The village of Jamaica is entirely situated within the limits of the town of Jamaica, and was incorporated by the legislature, by chapter 168, Laws 1814. By this charter and the amendments thereto the village is made a separate road-district, and placed under the control of the trustees of the village, with the powers of commissioners of highways. The supervisors direct the improvement of roads as well in the town as in the village. The trustees of the village and certain tax-payers of the town obtained a writ of *certiorari* to review the power of the board of supervisors to pass the act in question. This is the proper remedy. The writ in such a case was given at common law, and the statutes have not taken it away. Section 2124 of the Code continues the common-law writ. The court of appeals have acknowledged the scope of the writ to embrace assessors. *People* v. *Assessors*, 39 N. Y. 81. The jurisdiction of the board of supervisors is subject to review by this writ. *People* v. *Supervisors*, 82 N. Y. 275. The important question is whether the supervisors had the power to make the record. The power is claimed to be conferred by chapter 855, Laws 1869.[1] By the first section of this act the power to issue bonds on the credit of a town is to be exercised with the consent of the town officers. No such consent was obtained. By the second section of this act certain powers are given to boards of supervisors on a two-thirds vote of the board, which includes the affirmative vote of the town supervisor. This was obtained. The scope of this second

---

[1] The material parts of Laws 1869, c. 855, are as follows:
"Section 1. The boards of supervisors of each county in this state, except New York and Kings, shall have power * * * to authorize the supervisor of any town in said county, by and with the consent of the commissioner or commissioners of highways, town-clerk, and justice of the peace of such town, to borrow such sum of money for and on the credit of the town * * * as the said town officers may deem necessary to build or repair any road or roads or bridge or bridges in such town. * * ·*
"Sec. 2. Such boards of supervisors shall have power to provide for * * * the improvement of any public highway laid out in pursuance of law, * * * and for the borrowing of money by any town * * * for the purpose aforesaid; * * * but jurisdiction in the cases aforesaid shall not be exercised without the assent of two-thirds of all the members elected to such board, * * * and no special ordinance relating to any one town or ward only shall become operative unless it shall receive the affirmative vote of the supervisors representing such town or ward."

section has been passed upon by the court of appeals in the case of *People* v. *Board*, 112 N. Y. 585, 20 N. E. Rep. 549. The court says that the exercise of the power under the second section is free from the restriction contained in the first section, so that a vote of two-thirds of the supervisors, with the affirmative vote of the supervisor of the town affected by the vote, is all that is needed. This second section provides for the improvement of public highways laid out in pursuance of law. If the power is given, no extravagance in its exercise by the legal tribunal to which the power is given will give this court any right of review. The fact that the village is within the town has no relevancy. If the legislature gives the power generally over all roads in a town, it includes roads in the village. *People* v. *Board,* (Sup.) 1 N. Y. Supp. 382. Where the power to compel the debt exists, the power to postpone the payment of the principal exists with it. *People* v. *Flagg*, 46 N. Y. 401. The second section gives no express power to bind the county or town, but this is implied in the duty or authority given. *Mayor, etc.,* v. *Sands,* 105 N. Y. 210, 11 N. E. Rep. 820. The act of the supervisors should therefore be affirmed, with costs. All concur.