(33 App. Div. 277.)

PEOPLE ex rel. ANDRUS v. BOARD OF AUDITORS OF TOWN OF CHAMPLAIN.

(Supreme Court, Appellate Division, Third Department. September 13, 1898.)

1. MUNICIPAL CORPORATIONS—CLAIMS—CERTIORARI.
　　Where a claim against a town was disallowed on grounds not involving the merits, and a corrected bill involving the same items, and presented a year later, was also disallowed, an application for certiorari to review the last disallowance, made within four months thereof, was not barred by Code Civ. Proc. § 2125, requiring a certiorari to be granted and served within four months after the determination to be reviewed becomes final.

2. SAME.
　　Under said provision, an application to review the disallowance of a claim by the board of auditors of a town may be made within four months after its disallowance, even though the board has in the mean-

while adjourned, and delivered its schedule of audited accounts to the board of supervisors, since its successor might obey any order made by the court in respect thereto.

3. SAME—DISALLOWANCE—CONCLUSIVENESS.

The disallowance of a mandamus to compel the allowance of a claim against a town, in which the merits of the claim were not involved, is no bar to a subsequent presentation of the claim in a corrected form.

4. SAME—LIABILITY FOR FEES IN CRIMINAL CASES.

Under Laws 1890, c. 569, § 165 (Town Law), making the fees of officers in criminal actions tried before a magistrate in the town where the offense was committed a charge on that town, the expense of conveying juvenile delinquents to the house of refuge is a charge on the town where the offense was committed and the conviction therefor had.

5. OFFICERS—TITLE TO OFFICE—COLLATERAL ATTACK.

In passing on a deputy sheriff's claim for services, the deputy's affidavit that he is such, his commission, and proof of his oath of office establish a prima facie de jure title to the office, behind which the town board of auditors cannot go.

Herrick, J., dissenting.

Certiorari by the people, on the relation of Eugene Andrus, against the board of auditors of the town of Champlain, to review the determination of respondent in disallowing relator's bill as deputy sheriff for services and expenses in conveying to the house of refuge juvenile offenders convicted by a court of special sessions of said town for offenses committed therein. Claim allowed.

In November, 1895, the relator presented a claim for services to respondent. Respondent board disallowed his claim, and thereafter the relator applied to the special term of this court for a writ of mandamus to compel respondent to audit the claim. The mandamus was disallowed. 37 N. Y. Supp. 633. The relator thereafter made some corrections in his claim not affecting the merits thereof, and on November 5, 1895, again presented it to respondent, by whom it was again rejected. Respondent board adjourned November 12, 1896, and on November 13, 1896, delivered to the clerk of the board of supervisors their schedule of audited accounts. On January 4, 1897, relator applied for certiorari to review the action of respondent in disallowing his claim, and this writ was issued thereon on February 15, 1897.

Argued before PARKER, P. J., and LANDON, HERRICK, PUTNAM, and MERWIN, JJ.

Lewis Carr, for relator.
W. H. Dunn, for respondent.

LANDON, J. 1. We think that section 2125 of the Code, which provides that "a writ of certiorari must be granted and served within four calendar months after the determination to be reviewed becomes final," is not solely a statute of limitations, but that by implication it grants the relator four months in which to procure the writ, in cases like this, in which, although the determining body has finally adjourned after disposition made of the matter, it or its successor, upon its next authorized meeting, can obey the order made by the court.

2. We do not think that the disallowance of the relator's bill by the board of town auditors, in 1895, was a final adjudication thereof upon the merits, for the reason that, in the manner and form in which it was presented, the merits thereof were not properly presented to the board, and therefore not determined. Osterhoudt v. Rigney, 98 N. Y. 222, 234.

3. For the same reason, the refusal of the court to grant a mandamus directing the audit of the bill as first presented was proper, and is not conclusive against the presentation of the bill, if now it is in such form and with such proofs as remove the grounds of the objection to which it was at first open.

4. Clearly, the relator had the right to one presentation of his bill to the board upon its merits, and if his first presentation of it was, through his inadvertence, so informal or defective as to justify its disallowance, he could obtain relief neither by certiorari nor by mandamus, and therefore should be permitted to re-present his bill, in such form as to obtain its adjudication upon its merits.

5. Undoubtedly, it was incumbent upon the relator, in order to collect his fees, to show that he was deputy sheriff de jure. This he did by his affidavit of the fact, fortified by his commission of appointment from the sheriff, and by proof that he duly took and filed the oath of office. We need not here hold that the relator's title to the office is not voidable in the case of a direct attack in a proper action. If such an action should be brought by the attorney general, it would be "triable of course and of right by a jury." Code Civ. Proc. § 1950. The alleged defect in the relator's title is founded upon the fact of his nonresidence in the county of Clinton. The sheriff "may appoint such and so many deputies as he may deem proper, not exceeding one for every 3,000 inhabitants of his county." County Law, § 182. Other statutes seem to imply that he is a local officer. The deputy, in civil matters, is the servant of the sheriff. Pond v. Leman, 45 Barb. 152; Whitman v. Haines (Sup.) 4 N. Y. Supp. 48; Colvin v. Holbrook, 2 N. Y. 126. The relator was appointed deputy sheriff of the county of Clinton mainly in order to qualify him to act as peace officer upon the line of the Delaware & Hudson Company's railroad. No action has been brought to oust him; no one claims his place. The services for which he claims his fees were meritorious, and in the line of official duty. The case is not free from difficulty. The majority of the court think that the board of town auditors were not authorized to go behind the prima facie case made by the relator of his de jure title, and thus, in a summary manner, in effect oust him from his office. See In re Foley (Sup.) 28 N. Y. Supp. 611; In re Grady, 15 App. Div. 504, 44 N. Y. Supp. 578.

6. We think the expense of conveying juvenile delinquents to the house of refuge, upon the conviction and sentence by a justice of the peace of an offender for an offense committed within his town, is a charge upon that town (Town Law [Laws 1890, c. 569] § 165), at the rates fixed by the statute, or, if the board of supervisors have fixed different rates, then at such rates (Laws 1859, c. 254; Laws 1874, c. 446, art. 2, § 29).

The determination of the board of town auditors should be reversed, with $50 costs and disbursements. All concur, except HERRICK, J., dissenting.

HERRICK, J. (dissenting). I cannot concur in the opinion of Justice LANDON. The application for the writ of certiorari was made too late. The board had terminated its labors, and had lost jurisdic-

tion by the delivery of the schedule of claims to the clerk of the board of supervisors. Osterhoudt v. Rigney, 98 N. Y. 222; People v. Board of Sup'rs of Queens Co., 82 N. Y. 275; People v. Auditors of Town of Hannibal, 65 Hun, 414, 20 N. Y. Supp. 165; People v. Board of Town Auditors, 74 Hun, 83, 26 N. Y. Supp. 122. Section 2125 of the Code of Civil Procedure is not in conflict with the authorities just referred to. That section provides that "a writ of certiorari to review a determination must be granted and served, within four calendar months after the determination to be reviewed becomes final and binding, upon the relator, or the person whom he represents, either in law or in fact." Prior to the enactment of the Code, there was no limitation upon the time within which a certiorari could be issued, provided it was applied for within a reasonable time. What was a reasonable time the court was to determine in each instance upon the particular facts of the case brought before it. The section of the Code quoted is not an extension of the time within which the writ may be applied for, but a limitation upon the time, and its language does not necessarily conflict with the cases above cited. If the board or officer whose determination it is sought to review has still jurisdiction, then the proceedings may be commenced within four months. If it has lost jurisdiction, then it makes no difference when it is commenced, whether within four days or four months. The point is that the body or officer whose action is sought to be reviewed has lost all authority over the matter, and the writ of certiorari cannot revive it. The case of In re Corwin, 135 N. Y. 249, 32 N. E. 16, is not in conflict with the cases herein cited. That was decided under chapter 269 of the Laws of 1880, which provides the method for the review and correction of illegal, erroneous, or unequal assessments, and renders inapplicable the common law, as well as the provisions of the Code of Civil Procedure, in relation to writs of certiorari. One of the reasons for the passage of chapter 269 of the Laws of 1880 was to cure the defect in the remedy by certiorari pointed out in the case of Osterhoudt v. Rigney; that is, that "the wrong cannot usually be known until it is too late to apply the remedy." 98 N. Y. 230. But the statute did not extend the remedy to writs of certiorari generally, but only to certiorari to review illegal, erroneous, or unequal assessments. That a writ will not issue to review the determination of a board or officer, after such board or officer has lost jurisdiction of the matter, is now too well established, it seems to me, by judicial authority, to warrant us to attempt to overturn it. This defect in the remedy can now only be cured by legislative action.

The writ of certiorari should be quashed, with $50 costs and disbursements.