(49 App. Div. 4.)

PEOPLE ex rel. JONAS v. BOARD OF TOWN AUDITORS OF TOWN OF HEMPSTEAD.

(Supreme Court, Appellate Division, Second Department.    March 13, 1900.)

1. TOWN AUDITORS—CLAIMS—FAILURE TO ALLOW—CERTIORARI.
    The actions of a board of town auditors, refusing to allow a claim, could not be reviewed on certiorari served on the board after its certificate and abstracts had been delivered to the supervisor, and the board had adjourned sine die.

2. SAME.
    Where town auditors failed to allow plaintiff's claim for rent of a building used as a town hall, if there was no adjudication on the merits plaintiff could present the bill to an incoming board, or maintain an action on the contract.

Certiorari by the people, on relation of Bernard Jonas, against the board of town auditors of the town of Hempstead.    Writ quashed.

Argued before GOODRICH, P. J., and BARTLETT, HATCH, WOODWARD, and HIRSCHBERG, JJ.

Frederick M. Mathews, for relator.
Fred Ingraham, for respondent.

WOODWARD, J.    We are of the opinion that the relator has mistaken his remedy, or that he has delayed its application until it is now too late to be of avail to him.    On or about the 1st day of December, 1898, he presented his bill to the board of town auditors of the town of Hempstead for the rental of a certain building which has been used for town purposes. . This bill was rejected by the board, and

on the 22d day of December, 1898, the board completed its audit, and filed its certificate and abstracts with the supervisor of the town, and adjourned sine die. On the 19th day of April, 1899, the relator petitioned this court to cause to issue the writ of certiorari which is now before us for review. The rule is well established in this state that, to secure a review of the action of a board of town auditors by certiorari, the writ must be obtained while yet the board retains jurisdiction of the proceedings (People v. Board of Town Auditors, 74 Hun, 83, 86, 26 N. Y. Supp. 122); and as the writ in question was served upon the board after the certificate and abstracts had been delivered to the supervisor, and the board had adjourned sine die, we are of opinion that the writ is ineffectual and fruitless (Osterhoudt v. Rigney, 98 N. Y. 222, 230; People v. Auditors of Town of Hannibal, 65 Hun, 414, 418, 20 N. Y. Supp. 165; People v. Board of Sup'rs of Queens Co., 82 N. Y. 275). If the contract with the town is valid, the relator is entitled to have it allowed. People v. Board of Sup'rs, 56 Hun, 459, 10 N. Y. Supp. 88. If there has been no adjudication by the town board upon the merits, the relator will be entitled to present the bill for audit to the incoming town board (Osterhoudt v. Rigney, 98 N. Y. 234; People v. Board of Sup'rs of Rockland Co., 31 App. Div. 557, 52 N. Y. Supp. 89); or the relator may maintain an action thereon to enforce liability created by the contract (section 182, Town Law; chapter 569, Laws 1890). For reasons already stated, this proceeding cannot be maintained. The writ should therefore be quashed.

Writ of certiorari dismissed, with $10 costs and disbursements. All concur.