THE PEOPLE OF THE STATE OF NEW YORK ex rel. THE VIL-
LAGE OF BROCKPORT, Appellant and Respondent, *v.* JOHN
SUTPHIN et al., Constituting the Town Board of the Town
of Sweden, Respondents and Appellants.

1. APPEAL — REVIEW OF UNANIMOUS REVERSAL. Upon an appeal from
a unanimous decision of the Appellate Division, reversing on certiorari
the determination of a town board disallowing a claim presented for
audit, when the record is silent as to the grounds of reversal, the Court of
Appeals is simply required to assume, under section 1338 of the Code of
Civil Procedure, that the reversal was not founded upon a question of
fact so as to enable it to review the questions of law, and is not required
to assume that the Appellate Division actually decided that there was
evidence to support the facts found, and so be deprived of jurisdiction
under section 9, article 6 of the Constitution and section 191 of the Code.

2. CERTIORARI — MATERIAL ALLEGATION OF FACT IN PETITION
ADMITTED IF NOT DENIED IN RETURN. While the statements in the
return to a writ of certiorari import absolute verity, when it is silent as
to material allegations of fact contained in the petition the presumption
is that the officers making the return intended to admit those allegations,
but this presumption does not extend to conclusions of law, which are
not admitted even if not denied. An allegation in the petition, therefore,
that village officials received a salary for their services which was paid
by the village, which allegation is not denied directly or indirectly in the
return, must be regarded as admitted.

3. REJECTION OF CLAIM BY TOWN BOARD REVIEWABLE BY WRIT OF
CERTIORARI ISSUED WITHIN FOUR MONTHS AFTER ADJOURNMENT OF
BOARD. Section 2125 of the Code of Civil Procedure, providing that a
writ of certiorari to review a determination must be granted and served
within four calendar months after the determination to be reviewed
becomes final, is not solely a statute of limitation, as by implication it
grants the relator four months within which to procure a writ in a case
where, although the determining body has finally adjourned after making
a disposition of the matter in question, it or its successor, at its next
authorized meeting, can obey any order made by the court. The adjourn-
ment of a town board, therefore, which has disallowed a claim presented for
audit does not prevent a review of its determination, since the board is a
continuous body which may subsequently act upon the claim if its pre-
vious determination of disallowance is reversed.

4. CONSTITUTIONAL LAW — PRIVATE OR LOCAL BILLS — IRREGULARI-
TIES IN REINCORPORATION OF VILLAGE OF BROCKPORT CURED BY
CHAPTER 84, LAWS OF 1873. Where the title of a local law expresses a
general purpose or object, all matters fairly and reasonably connected

therewith and all measures which will or may facilitate the accomplishment of such purpose or object are properly incorporated into the act and are germane to the title.   Chapter 84 of the Laws of 1873, therefore, entitled " An act in relation to the village of Brockport," each section of which has a direct connection with the village, does not violate section 16 of article 3 of the State Constitution relating to private or local bills, and having in the 5th section declared in effect that the village has a charter by confirming a special election held in 1872 to determine the question of reincorporation under the General Village Law (L. 1870, ch. 291, § 30), the claim that, on account of irregularities affecting the election, the village was not properly reincorporated under the Village Law and is not entitled to its benefits, cannot be sustained.

5.  WHEN REJECTION IN GROSS BY TOWN BOARD OF CLAIMS PRESENTED TO IT FOR AUDIT IS REVIEWABLE BY CERTIORARI.   The rejection in gross by a town board of claims presented to it by a village for audit upon the ground that the village had no right to present them because it was not lawfully reincorporated is an error of law to the prejudice of the relator reviewable by a writ of certiorari under section 2140 of the Code of Civil Procedure, but in such case the claims, when composed of numerous items, should be remitted to the town board for the reduction of excessive and rejection of improper charges with instructions to audit the claims as required by law.

*People ex rel. Vil. of Brockport* v. *Sutphin*, 53 App. Div. 613, modified.

(Argued February 26, 1901; decided March 8, 1901.)

CROSS-APPEALS from an order of the Appellate Division of the Supreme Court in the fourth judicial department, entered September 14, 1900, reversing in part the determination of the town board of the town of Sweden, and dismissing the writ of certiorari as to the remainder of the relator's claim upon the merits.

The village of Brockport is in the town of Sweden, county of Monroe.   Originally incorporated in 1829, an attempt was made to reincorporate it in 1872 pursuant to chapter 291 of the Laws of 1870, and, as it is claimed, certain alleged defects in the proceedings to reincorporate were cured by an act passed in 1873.   (L. 1873, ch. 84, § 5.)   According to the General Village Law, villages incorporated or reincorporated under the act of 1870 are subject to the provisions of the former as if incorporated thereunder.   (L. 1897, ch. 414, § 341.) It is provided in substance by sections 185 and 190 of the

General Village Law that "claims for fees in criminal actions and proceedings which would be payable to a police justice or policeman if he were not paid a salary, and which are a town or county charge, are required to be presented to the town or county to which they are chargeable for audit, and all orders or warrants therefor are to be made payable to the treasurer of the village, who is authorized to collect the amount thereof." Pursuant to this statute separate claims were presented by the village for services performed by its police justice, acting police justice and policemen in criminal actions and proceedings during the years 1898 and 1899, to the town board of the town of Sweden, which rejected them in bulk, without specifying any reason therefor. The claim for the year 1898 was rejected at the annual meeting held on the 10th of November of that year, but no certificate of the audit and rejection was then filed with the town clerk as required by law. (L. 1897, ch. 481, § 19.) The claim for 1899 was rejected on the 13th of November, 1899, and the proper certificate was filed one week later. On the 20th of November, 1899, the claim for the year 1898 was reconsidered and disallowed and a certificate to that effect, signed by a majority of the members of the board, was duly filed. On the 30th of December, 1899, the village procured a writ of certiorari to review these determinations of the board, and the Appellate Division unanimously reversed as to the claim of 1898, and readjusted and allowed the same, but as to the claim of 1899 the writ was dismissed on the merits by a divided vote. Each party appealed from that portion of the order which sustained the contention of the other.

*John D. Burns* for the village of Brockport, appellant and respondent. The order dismissing the writ on the merits as to the bills of 1899, by a divided court, is an appealable order. (*People ex rel.* v. *Commissioners*, 103 N. Y. 370; *People ex rel.* v. *Knowles*, 47 N. Y. 415; *People ex rel.* v. *City of Kingston*, 101 N. Y. 82; *People ex rel.* v. *Lord*, 157 N. Y. 408; Const. art. 6, § 9; Code Civ. Pro. § 190; *Van Arsdale* v.

*King,* 155 N. Y. 325; *Matter of Munn,* 165 N. Y. 149; *People ex rel.* v. *Hill,* 53 N. Y. 549; *Spence* v. *Ham,* 163 N. Y. 220; *Bomeisler* v. *Forster,* 154 N. Y. 229; *Griggs* v. *Day,* 158 N. Y. 1.) The unanimous decision of the Appellate Division reversing the determination of the town board as to the bills for 1898, is not appealable to the Court of Appeals. (Const. N. Y. art. 6, § 9; *People ex rel.* v. *Barker,* 152 N. Y. 417; *People ex rel.* v. *Barker,* 155 N. Y. 322; *Reed* v. *McCord,* 160 N. Y. 330; *Marden* v. *Dorthy,* 160 N. Y. 39; *Meserole* v. *Hoyt,* 161 N. Y. 59; *Bomeisler* v. *Forster,* 154 N. Y. 236; *Spence* v. *Ham,* 163 N. Y. 223; *Snyder* v. *Seaman,* 157 N. Y. 453; *Nat. Harrow Co.* v. *Bement & Sons,* 163 N. Y. 507; *People ex rel.* v. *Cullen,* 153 N. Y. 629.) The bills of the village of Brockport presented to the town board in 1898 and 1899 were just claims against the town. They were properly verified and should have been allowed. (L. 1897, ch. 414, §§ 185, 190; *People ex rel.* v. *Bd. Suprs.,* 30 How. Pr. 173.) The matter must be heard upon the writ and return and the papers upon which the writ was granted. (Code Civ. Pro. § 2138; *People ex rel.* v. *Comrs., etc.,* 106 N. Y. 64; *People ex rel.* v. *Wurster,* 149 N. Y. 549; *People ex rel.* v. *French,* 25 Hun, 111; *People ex rel.* v. *Dains,* 38 Hun, 43; Fiero on Spec. Proc. 387; *People ex rel.* v. *Bd. Fire Comrs.,* 73 N. Y. 437.) The writ of certiorari was sued out in time and the Appellate Division had jurisdiction to review and reverse the decision of the town board, to the end that it or its successors might perform the duty enjoined by statute. (Code Civ. Pro. § 2125; *People ex rel.* v. *Bd. of Town Auditors,* 33 App. Div. 277; *People ex rel.* v. *Bd. of Town Auditors,* 5 Hun, 647; *People ex rel.* v. *Manning,* 37 App. Div. 141; *People ex rel.* v. *Smith,* 83 Hun, 432; *People ex rel.* v. *Bd. of Town Auditors,* 43 App. Div. 22.) The village was duly incorporated under chapter 290 of the Laws of 1870. (*People ex rel.* v. *Briggs,* 50 N. Y. 553; *Brewster* v. *City of Syracuse,* 19 N. Y. 116; *Neuendorff* v. *Duryea,* 69 N. Y. 557; *Van Brunt* v. *Town of Flatbush,* 128 N. Y. 50.) The determination of the town

board rejecting the claims can be reviewed by certiorari. (*People ex rel. v. Bd. of Town Auditors*, 43 App. Div. 22; *People ex rel. v. Bd. of Supervisors*, 51 N. Y. 442; *People ex rel. v. Barnes*, 114 N. Y. 317; *People ex rel. v. Clinton*, 28 App. Div. 478; *People ex rel. v. Bd. of Town Auditors*, 33 App. Div. 277.)

*Delbert A. Adams* for the town board of the town of Sweden, respondents and appellants. The order dismissing the writ as to the bills of 1899 is not an appealable order. (*People ex rel. v. Maynard*, 160 N. Y. 453; *People ex rel. v. Lord*, 157 N. Y. 408; *Salmon v. Gedney*, 75 N. Y. 479; *Tolman v. S., B. & N. Y. R. R. Co.*, 92 N. Y. 353; *Otten v. M. Ry. Co.*, 150 N. Y. 395; *Edson v. Bartow*, 154 N. Y. 199; *Robinson v. Govers*, 138 N. Y. 425; *Bomeisler v. Forster*, 154 N. Y. 229; *People ex rel. v. Barker*, 152 N. Y. 417; *People ex rel. v. Campbell*, 152 N. Y. 51.) The unanimous decision below to reverse the town board as to the bills for 1898 is appealable to the Court of Appeals. (*People ex rel. v. Campbell*, 152 N. Y. 51; *Osterhoudt v. Rigney*, 98 N. Y. 222; *People ex rel. v. Barker*, 152 N. Y. 417; *Gorham Mfg. Co. v. Seale*, 3 App. Div. 515; *People v. A. Ry. Co.*, 160 N. Y. 225.) The writ of certiorari was not granted and served within the four calendar months after the rejection of the bills for 1898. (*Robinson v. Govers*, 138 N. Y. 425.) The petition on which the writ issued was not in evidence at the argument. The verified return of the town board states the facts to the appellate court. (*People ex rel. v. Wurster*, 149 N. Y. 549; *People ex rel. v. York*, 45 App. Div. 503; *People ex rel. v. Palmer*, 86 Hun, 513; *People ex rel. v. Sutphin*, 53 App. Div. 613.) The action of the town board in rejecting these bills for both years cannot be reviewed by certiorari. (*Osterhoudt v. Rigney*, 98 N. Y. 222; *People ex rel. v. Bd. of Town Auditors*, 5 Hun, 647; *People ex rel. v. Highway Comrs.*, 30 N. Y. 72; *People ex rel. v. Bd. Suprs.*, 12 Barb. 217; *People ex rel. v. Bd. of Town Auditors*, 74 Hun, 83; 65 Hun, 414; 33 App. Div. 277; *People ex rel. v. Bd. Suprs.*, 73 N. Y. 173;

**168** People ex rel. Vil. of Brockport *v.* Sutphin. [Mar.,

Opinion of the Court, per Vann, J.　　　[Vol. 166.

82 N. Y. 277 ; *People ex rel. Bd. of Town Auditors,* 49 App. Div. 4.) The Code requires the Court of Appeals to presume that the reversal below was upon the law, as the contrary does not appear in the record body of the final order. (Code Civ. Pro. § 1338 ; *Benedict* v. *Arnoux,* 154 N. Y. 715 ; *Hinkel* v. *Stevens,* 58 N. E. Rep. 879.) These claims would not be chargeable under sections 185 or 190 unless the officer was paid a salary. (*Osterhoudt* v. *Rigney,* 98 N. Y. 222 ; *People ex rel.* v. *Bd. Suprs.,* 39 N. Y. S. R. 313.) Certiorari is not the proper remedy. (*Matter of Lanehart,* 32 App. Div. 4.) The unanimous decision below to reverse on the law is a unanimous decision to affirm the town board as to all the findings of the board on the facts. (*People* v. *Adirondack Ry. Co.,* 160 N. Y. 225 ; *Petrie* v. *Trustees Hamilton College,* 158 N. Y. 458.) Since the final order of the Appellate Division does not contain any statement that the reversal was on the facts, this court is required to presume it was on the law. (*Spencer* v. *State,* 135 N. Y. 619 ; *Smith* v. *S. Imp. Co.,* 161 N. Y. 484 ; *Neuman* v. *N. Y. Mut. S. & L. Assn.,* 164 N. Y. 248 ; *Benedict* v. *Arnoux,* 154 N. Y. 715 ; *Otten* v. *Manh. Ry. Co.,* 150 N. Y. 395.) The Court of Appeals has no power to examine the question whether there is any evidence to support the findings of fact. (*Nat. Harrow Co.* v. *Bement & Sons,* 164 N. Y. 586 ; 57 N. E. Rep. 764.)

Vann, J.　It is claimed by the counsel for the village that the appeal brought by the town board should be dismissed, because the decision of the Appellate Division, so far as it reversed the proceedings sought to be reviewed, was unanimous and, according to the presumption required by section 1338 of the Code, this was in effect a determination that there was evidence supporting or tending to sustain a finding of fact. It is insisted that we are thus deprived of jurisdiction to review that part of the order appealed from. (Const. art. 6, § 9 ; Code Civ. Pro. § 191.) We think this section simply requires us to assume, when the record is silent upon the subject, that the reversal was not founded upon a question of

fact, so as to enable us to review the questions of law, and that the presumption was not intended to deprive this court of jurisdiction by requiring us to assume that the Appellate Division actually decided that there was evidence to support the facts found. The section was enacted, substantially in its present form, before the Constitution was so amended as to prohibit the review of a unanimous decision as to the sufficiency of the evidence. It was not intended to limit but to extend our jurisdiction. The presumption is artificial and should not be pushed beyond the single purpose for which it was prescribed. A unanimous reversal differs from a unanimous affirmance in that the latter necessarily involves the conclusion that there was sufficient evidence to sustain the facts, whereas the former may be based upon the facts as well as the law, although, if the decision does not so state in express terms, we are obliged to presume, for the sole purpose of reviewing the questions of law, that it was on the law only.

Moreover, section 1338 applies only to an appeal from "a judgment entered upon the report of a referee, or a determination in a trial court, or from an order granting a new trial." A town board is not a court; its members are not referees and they did not attempt to grant a new trial. The appeal, therefore, of the town of Sweden should not be dismissed.

The point is made by the counsel for the town that it does not appear by the return that the village officials, for whose services the claims in question were presented, were each paid a salary, and that hence there was no foundation for the claims under the statute. It is distinctly alleged in the petition that these officers received a salary for their services which was paid by the village. The writ recites the same allegation and the return does not deny it, although it denies certain other allegations of the petition and writ. Thus the question is presented whether the material allegations of fact contained in a petition for a writ of certiorari, which are not denied directly or indirectly by the return, are to be taken as true.

170 People ex rel. Vil. of Brockport *v.* Sutphin. [Mar.,

Opinion of the Court, per Vann, J. [Vol. 166.

Section 2138 of the Code provides that a certiorari to review must, except in one instance not now important, be heard "upon the writ and return and the papers upon which the writ was granted." This provision is new and indicates that the petition has a function to perform aside from merely authorizing the issuance of the writ. The section was construed by Judge Earl, speaking for all the judges, in *People ex rel. Peck* v. *Commissioners, etc.* (106 N. Y. 64, 67). After recognizing the former practice as limiting the hearing to the return and quoting the material part of the section, he said : "Under this section, where the return meets all the allegations of fact contained in the writ and the papers upon which it was granted and traverses them, then the hearing must be confined to the facts stated in the return. But, where the return admits the facts stated in the writ or the papers upon which it was granted, or is silent as to them, then such facts become important and must be considered and have effect upon the hearing. (*People ex rel. McCarthy* v. *French*, 25 Hun, 111.)"

This section was further considered in *People ex rel. Miller* v. *Wurster* (149 N. Y. 549, 554), where we said : "It does not mean that the court is at liberty to look beyond the return and to consider the facts stated in the petition and accompanying papers, unless the return made by the respondent should be an admission of those facts or the equivalent of an admission." In that case it was held that "the return was in effect a denial of the allegations of the relator's petition," and hence that those allegations could not be considered. In other words, all allegations of the petition which are denied expressly or impliedly cannot be made the basis of judicial action, but such allegations as are not denied, even indirectly, are to be regarded as admitted. While the statements in the return import absolute verity, when it is silent as to material allegations of fact contained in the petition, the presumption is that the officers making the return intended to admit those allegations, but this presumption does not extend to conclusions of law which are not admitted even if not denied. This construc-

tion avoids motions to amend the return and appeals both to the conscience and the pocket of the officer making the return, for it obliges him to truthfully meet the case made by the petition or to rest under the imputation and become subject to the penalty of making a false return. (*Beardslee* v. *Dolge,* 143 N. Y. 160.)

The ground upon which the Appellate Division dismissed the writ as to the claim of 1899 was "that when the writ herein was issued the town board had adjourned and consequently had lost jurisdiction of the proceedings." This conclusion finds some support in the discussion of another question in *Osterhoudt* v. *Rigney* (98 N. Y. 222, 230), but, as was said by the Appellate Division, it was an expression of opinion incidental to the real question at issue and the effect of section 2125 of the Code was not considered. This section, which is new, provides that, with an unimportant exception, " a writ of certiorari to review a determination must be granted and served within four calendar months after the determination to be reviewed becomes final and binding upon the relator, or the person whom he represents, either in law or in fact." It does not appear to have been considered in certain cases relied upon by the town to justify the action of the court below in dismissing the writ as to the claim presented in 1899. (*People ex rel. Jonas* v. *Board of Town Auditors,* 49 App. Div. 4 ; *People ex rel. Cochran* v. *Board of Town Auditors,* 74 Hun, 83.) It was considered in *People ex rel. Andrus* v. *Board of Town Auditors* (33 App. Div. 277) where it was held that the section is not solely a statute of limitations, as by implication it grants the relator four months within which to procure a writ in a case where, although the determining body has finally adjourned after making a disposition of the matter in question, it or its successor, at its next authorized meeting, can obey any order made by the court. We think this is the correct rule and that the legislature intended to extend rather than restrict the scope of the writ. It prevents the defeat of an important remedy when the town board disallows a claim, makes and files the certificate and adjourns on the same day

whether from proper motives or with the intent to prevent an examination of their official action. The board is a continuous body; any change in the persons composing it is unimportant, and there is nothing to prevent it from acting upon the claim in some subsequent year when its previous determination disallowing the claim has been reversed. The claim, so far as allowed, can then go before the board of supervisors and a failure of justice thus be prevented. (*People ex rel. Heiser* v. *Gilon*, 121 N. Y. 551; *Matter of Corwin*, 135 N. Y. 245.)

The claim that the village of Brockport was reincorporated and thus became entitled to the benefits of the General Village Law is challenged upon the ground of irregularities affecting the special election held to determine the question of reincorporation. The statute provides that if at such election the majority of votes are in the affirmative "then the village shall become and be incorporated under this act." (L. 1870, ch. 291, § 30.) A conclusive answer to this challenge is found in chapter 84 of the Laws of 1873, entitled "An act in relation to the village of Brockport," which does not violate section 16 of article 3 of our State Constitution, as claimed by the town board. This act contains seven sections, all relating to the powers of the village under its charter except section five, which declares in effect that it has a charter by confirming said special election. Each section has a direct connection with the village of Brockport. We agree with the learned Appellate Division that where "the title of a local law expresses a general purpose or object, all matters fairly and reasonably connected therewith and all measures which will or may facilitate the accomplishment of such purpose or object are properly incorporated into the act and are germane to the title." (Citing *People ex rel. City of Rochester* v. *Briggs*, 50 N. Y. 553; *Neuendorff* v. *Duryea*, 69 N. Y. 557. See, also, *Wrought Iron Bridge Co.* v. *Town of Attica*, 119 N. Y. 204; *Van Brunt* v. *Town of Flatbush*, 128 N. Y. 50; *Sweet* v. *City of Syracuse*, 129 N. Y. 316.)

While we have considered all the questions raised by either party, we shall express our views only as to one more, leaving

1901.] People ex rel. Vil. of Brockport *v.* Sutphin. 173

N. Y. Rep.]        Opinion of the Court, per Vann, J.

the rest to the necessary inference flowing from our final conclusion.

It is apparent from the return, although not so expressly stated, that the claims under consideration were rejected in gross for the reason that in the opinion of the town board they were not valid claims against the town, not because the services were not rendered, but because the village had no right to present such claims as it had not been lawfully reincorporated. The good faith of the members of the town board can be sustained only upon the theory that they regarded any charge for the fees of the village officials, even when duly proved, as having no foundation in law. In determining that no part of either claim was valid they committed an error of law to the prejudice of the relator. (Code Civ. Pro. § 2140.) It may be, however, that some of the items, which approximate 1,500 in number, should not be allowed. The Appellate Division itself adjusted and allowed the claim of 1898, which included meals furnished prisoners and other items that may or may not be properly chargeable to the town, or, if chargeable, it may be that they should be reduced in amount. The counsel for the village admits that " the sum charged for meals may be cut down by the board, and doubtless the same is true of other items," but he continues, and we agree with him, " when the town board rejected the bills as a whole it committed an error of law which it is the province of a writ of certiorari to review." The audit of the town board evidently extended no further than to reject the bills, because under no circumstances could any of the items be allowed. Unless the opportunity is given to the auditing board to sift the items and reject those charged for services not performed, or not allowed by law, and reduce those charged at too high a rate, injustice may be done. Under these circumstances, we think, the claims should be remitted to the town board, with instructions to audit them as required by law.

The order appealed from, in so far as it dismisses the writ as to that portion of the relator's claim presented in 1899, is reversed ; but said order, so far as it relates to that portion of

the relator's claim presented in 1898, is modified by striking out the provision readjusting and allowing the same, and as thus modified is affirmed, with costs.   It is further ordered, that the claims for both years be remitted to the town board of the town of Sweden, with instructions to audit the same pursuant to law, and that the relator recover the costs of this appeal.

PARKER, Ch. J., O'BRIEN, BARTLETT, HAIGHT, MARTIN and LANDON, JJ., concur.

Ordered accordingly.