The People of the State of New York ex rel. Melville J. Cole, Relator, *v.* Thomas E. Cross and Others, Individually and as Members of the Board of Auditors of the Town of Lagrange, Dutchess County, New York, Respondents.

*Audit of claims for work done on a town highway by direction of the supervisor — certiorari to review it sued out by the highway commissioner, a taxpayer — dismissed for want of interest and because the taxpayer's remedy was by suit and the audited bills had been delivered to the clerk of the board of supervisors.*

The board of auditors of a town audited and allowed certain bills for work done on the town highway by direction of the supervisor of the town and without the authority of the commissioner of highways of the town. The highway commissioner then sued out a writ of certiorari directed to the members of the board of auditors to review the action of the auditors, contending that the allowance of the bills was illegal. The moving papers alleged that the relator

was a taxpayer. The writ was sued out after the bills had been audited and allowed and after the certificate of audited accounts had been delivered to the supervisor of the town and by him to the clerk of the board of supervisors of the county.

*Held*, that the writ should be dismissed for the following reasons, viz.: That the relator did not have, either in his capacity as highway commissioner, or in his capacity as a taxpayer, any legal interest entitling him to maintain the proceeding; that in the latter capacity the relator had a complete remedy by a taxpayer's action under chapter 301 of the Laws of 1892, and that the bills claimed to have been illegally audited and allowed had passed beyond the jurisdiction of the board of town auditors into that of the board of supervisors, which body was not before the court.

GOODRICH, P. J., dissented.

CERTIORARI issued out of the Supreme Court and attested on the 13th day of December, 1902, directed to Thomas E. Cross and others, individually and as members of the board of auditors of the town of Lagrange, county of Dutchess and State of New York, commanding them to certify and return to the office of the clerk of the county of Dutchess all and singular their proceedings had in auditing certain alleged illegal claims for highway labor.

*Charles A. Hopkins*, for the relator.

*C. Morschauser*, for the respondents.

WOODWARD, J. :

The relator petitions the court to review the action of the town board of auditors of the town of Lagrange, Dutchess county, contending that the action of that body in auditing certain claims for work and labor performed upon the highways at the request of the supervisor of the town, was illegal and without warrant of law. The relator is the commissioner of highways, the amount involved is about eighteen dollars, and the purpose of the proceeding seems to be the vindication of the dignity of the relator as an official of the township, rather than the accomplishing of any important public purpose. It is fundamental in our jurisprudence that the moving party in any litigation shall have an interest in the subject-matter or that he shall be specially authorized by statute to act, and, aside from the relator's allegation in his moving papers that he is a taxpayer, we find no possible interest of his involved in this proceeding. The invasion of his rights of office on the part of the supervisor, if it

was such, could not be reached or adjusted in this proceeding. John Robb and others had performed labor repairing the roads within the jurisdiction of the relator, and the object of this proceeding is to have this court adjudge that there is no authority in law for the payment of these claims which the town board of auditors had audited and allowed. The relator had no interest in the claims; he was not a party to them in any manner, and if any of his rights as a taxpayer were involved, the law affords a complete and direct remedy by way of a taxpayer's action under the provisions of chapter 301 of the Laws of 1892 which permits a recovery of any moneys paid upon illegal or fraudulent claims.

The return to the writ shows that the claims had been audited and allowed and that the certificate of audited accounts had been delivered to the town supervisor and by him delivered to the clerk of the board of supervisors as the law provides before this writ was issued, so that the matter had passed from the jurisdiction of the board of town auditors and the rights of the claimants, who are not parties to this proceeding, had been judicially established. The writ is directed to the members of the board of auditors, and, as that body has acted upon the claims and has delivered the records of such action into the hands of the board of supervisors, the matter has passed beyond the jurisdiction of anybody now before this court and it is well established that under such circumstances the writ of certiorari can accomplish nothing. (*People ex rel. Lake Shore & M. S. R. Co.* v. *Common Council*, 38 Hun, 7, 10; and authorities cited.) It is probably true, as suggested in *People ex rel. Village of Brockport* v. *Sutphin* (166 N. Y. 163, 171), that if this bill had not been audited or acted upon by the board of auditors before their adjournment, the writ of certiorari would lie to compel the board at a subsequent meeting to act; but where the claim has been audited and allowed and the record has passed on in its regular order to another body, which body is not before this court, we are of opinion that the relator, assuming him to have an interest in the subject-matter, has mistaken his remedy. Any order that the court might make in respect to these claims could not affect the action of the board of supervisors or the claimants because none of them are before the court. When to this is added the fact that the relator has no legal rights involved in this pro-

ceeding and that he has a complete remedy for any wrong he may suffer as a taxpayer under the act cited above, we are persuaded that the writ should be dismissed. (See *People ex rel. Second Avenue R. R. Co.* v. *Board Comrs.*, etc., *of N. Y.*, 97 N. Y. 37, 43.)

The writ of certiorari should be dismissed, with costs.

BARTLETT, HIRSCHBERG and JENKS, JJ., concurred; GOODRICH, P. J., read dissenting opinion.

GOODRICH, P. J. (dissenting):

I dissent from the conclusion of my associates, and for these reasons : The relator is the commissioner of highways of the town of Lagrange, having exclusive charge of the highways. He brings this proceeding to review the action of the town board of auditors in allowing certain bills for work done on the highways without his consent or authority. In 1902, Mr. Townsend, the supervisor of the town, in the presence of the defendant Cross, one of the auditors, and without the authority of the relator, employed persons to do work on the highways. Bills for such services were presented to and audited by the board, against the protest of the relator, who contends that the audit was illegal and an unlawful charge upon the taxpayers, of whom he is one, and that it was an interference with and usurpation of his powers and duties as highway commissioner.

The defendants justify their action on the ground that the relator, as commissioner, left the highway in such a dangerous condition as to render it unsafe for travel, and that the supervisor deemed it his duty for the protection of the public to employ persons to make it safe. They deny the relator's right to this remedy, on the ground that he is not a person aggrieved under section 2127 of the Code of Civil Procedure. But he is not only a taxpayer but the official upon whom is imposed the duty of caring for the highway. He is, therefore, doubly aggrieved.

The second objection is that the writ should have been obtained before the board of auditors had delivered its accounts to the supervisors and adjourned. This ignores section 2125 of the Code of Civil Procedure, which reads as follows: " Subject to the provisions of the next section a writ of certiorari to review a determination must be granted and served, within four calendar months after the determination to be reviewed becomes final and binding,

upon the relator, or the person whom he represents, either in law or in fact."

In support of this contention, the defendants cite several cases and among them *Osterhoudt* v. *Rigney* (98 N. Y. 222), which reviewed some of the cases cited by them. But in the recent case of *People ex rel. Village of Brockport* v. *Sutphin* (166 N. Y. 163) the court said that the *Osterhoudt* case gave some support to the contention which is made by the present defendants, but that it was a mere expression of opinion, and that the effect of section 2125 of the Code of Civil Procedure was not considered in that case and in the cases upon which the defendants therein relied, among them *People ex rel. Jonas* v. *Town Auditors* (49 App. Div. 4), decided by this court. The Court of Appeals referred to *People ex rel. Andrus* v. *Town Auditors* (33 App. Div. 277), and said (pp. 171, 172) that the question was considered in that case, which held "that the section is not solely a statute of limitations, as by implication it grants the relator four months within which to procure a writ in a case where, although the determining body has finally adjourned after making a disposition of the matter in question, it or its successor, at its next authorized meeting, can obey any order made by the court. We think this is the correct rule and that the Legislature intended to extend rather than restrict the scope of the writ. It prevents the defeat of an important remedy when the town board disallows a claim, makes and files the certificate and adjourns on the same day whether from proper motives or with the intent to prevent an examination of their official action. The board is a continuous body; any change in the persons composing it is unimportant, and there is nothing to prevent it from acting upon the claim in some subsequent year when its previous determination disallowing the claim has been reversed." (See, also, *People ex rel. Smith* v. *Schiellein*, 95 N. Y. 124.)

The main question involved in this proceeding is whether the board of audit could audit and approve a claim for work done on a highway where it was not authorized by the commissioner of highways. In *People ex rel. Everett* v. *Board of Supervisors* (93 N. Y. 397) the court held that to impose liabilities upon towns for the repairs of their roads, in any other manner than that provided by the statute, would defeat the policy of the law as it had stood in

this State for upwards of half a century, and would require explicit statutory provision to authorize it, and that towns are exempt from the burden of any general duty in respect to the care and maintenance of roads. The same doctrine was announced in *People ex rel. Van Keuren* v. *Town Auditors* (74 N. Y. 310), which held that no corporate duty is imposed upon towns in respect of the care or superintendence of highways within their limits, but that this duty was devolved upon the commissioners of highways who "are independent public officers exercising public powers and charged with public duties specially prescribed by law."

These cases were decided before the passage of the Highway Law (Laws of 1890, chap. 568). But I do not find in that law anything which confers power upon the supervisor of the town to repair a highway. On the contrary, section 4 (as amd. by Laws of 1902, chap. 75) devolves the care and superintendence of the highways upon the highway commissioners of the several towns in the State, and requires them to "cause such highways * * * to be kept in repair and give the necessary directions therefor."

It is true that section 16 declares that the town shall be liable for damages sustained by reason of any defect in its highways existing because of the neglect of the highway commissioners, but the next section declares the liability of the highway commissioners to the town for the amount of any judgment recovered against the town therefor. So far from changing the law as enunciated in the *Everett* and *Van Keuren Cases* (*supra*), it seems to me that sections 16 and 17 of the Highway Law were passed in view of the law as it had been announced by the courts.

It is no answer that the relator was neglecting his duty in caring for the highway, even if the record made such fact clear, which it is very far from doing. The only fact alleged by the defendants is that the labor was done in clearing off stones and large boulders which had been thrown on the highway by a road machine under the supervision of the relator, and in filling up a dangerous hole caused by a washout. How long the stones had been left or the hole had existed does not appear, and it would make no difference if it had appeared. The duty of caring for and repairing the road rests upon the relator as commissioner of highways, and for a breach of duty in that respect he would be liable, provided necessary funds

for that purpose had been furnished to him. The supervisor and board of audit are not substituted for the court as arbiters of that matter, and they may not usurp the powers or duties of the commissioner.

In my opinion, according to the authorities cited, the supervisor had no power to contract for labor on the highway without consent of the relator as highway commissioner, and the board of audit had no power to audit bills for such work. Therefore, their audit of the bills in question should be declared illegal.

Writ of certiorari dismissed, with costs.