(109 App. Div. 788)

### PEOPLE ex rel. LEITNER v. SIPPLE et al.

(Supreme Court, Appellate Division, Second Department. December 29, 1905.)

1. MUNICIPAL CORPORATIONS—OFFICERS—COMPENSATION.

A health officer of a town was entitled to the salary affixed to his office, so long as he was not removed, irrespective of whether he had properly discharged his duties.

[Ed. Note.—For cases in point, see vol. 36, Cent. Dig. Municipal Corporations, §§ 357–362; vol. 37, Cent. Dig. Officers, §§ 132–137.]

2. CERTIORARI—DETERMINATION OF TOWN BOARD—REVIEW—LIMITATIONS.

Code Civ. Proc. § 2125, provides that certiorari to review a determination must be served within four months after the determination to be reviewed becomes final. *Held*, that the statute is not solely one of limitations, and certiorari would lie to review the action of a town board of audit in reducing the compensation of a health officer from the salary fixed in pursuance of law, notwithstanding the claim had passed on to the board of supervisors in regular order from the board of audit.

Certiorari by the people, on the relation of George A. Leitner, to review the action of Edwin B. Sipple and others, as the town board of audit of the town of Orangetown, Rockland county, in reducing the compensation of relator as health officer. Determination annulled.

Argued before HIRSCHBERG, P. J., and BARTLETT, WOODWARD, JENKS, and HOOKER, JJ.

George A. Wyre, for relator.

Ralph E. Prime, for respondents.

WOODWARD, J. This is a proceeding based on a writ of certiorari, under the provisions of article 7, c. 16, tit. 2, of the Code of Civil Procedure, to review and correct the action of the town board of audit of the town of Orangetown, Rockland county, in reducing the compensation of the relator, George A. Leitner, as health officer of said town for the year 1904, from $100, as fixed by the board of health of said town in pursuance of the provisions of section 21, c. 383, p. 879, of the Laws of 1903, to $25, as audited by said board, and for such order or direction of the court as may be necessary in the premises.

It does not seem to be questioned that the relator held the office of health officer of the town; the audit of his bill for the sum of $25, where he had claimed $200, indicating clearly that the town board of audit recognized him as holding the office, for there could have been no other justification for auditing his claim for compensation as such health officer. There is some claim that the relator had not discharged the duties of his office, but as we view the case this did not concern the respondents. If the relator held the office, so long as he was not removed, he was entitled to the salary which had been affixed to the office by competent authority. Nichols v. MacLean, 101 N. Y. 526, 533, 5 N. E. 347, 54 Am. Rep. 730, and authority there cited.

It is urged, however, that, as the town board of audit had passed upon this claim, and it had passed on to the board of supervisors in the regular order, this court is without authority to review the action, and we are referred to People ex rel. Cole v. Cross, 87 App. Div. 56, 83 N. Y. Supp. 1083, as authority for this proposition. We do not understand that case as holding this doctrine. The relator was commissioner of

highways, and was alleged to be a taxpayer of the town of Lagrange. Certain persons had performed work upon the highways of the town at the request of the supervisor, and their bills had been audited by the town board of auditors, and these bills as audited had been passed along in the regular course to the board of supervisors. After pointing out that the relator had no apparent legal interest in the matter, either as highway commissioner or as a taxpayer, and that the statutes pointed out his remedy as a taxpayer if he had any rights, we said:

"It is probably true, as suggested in People ex rel. Village of Brockport v. Sutphin, 166 N. Y. 163, 171, 59 N. E. 770, that, if this bill had not been audited or acted upon by the board of auditors before their adjournment, the writ of certiorari would lie to compel the board at a subsequent meeting to act; but where the claim has been audited and allowed and the record has passed on in its regular order to another body, which body is not before this court, we are of opinion that the relator, assuming him to have an interest in the subject-matter, has mistaken his remedy. Any order that the court might make in respect to these claims would not affect the action of the board of supervisors or the claimants, because none of them are before the court."

That is, the board of town auditors had acted; they had audited the bills, and, if the court should hold that the audit was improper, it could not undo the error, because neither the board of supervisors nor the claimants were before the court. The bills would be paid by the supervisors just the same as though no action had been taken, and they could not be reached in that proceeding, although, as we pointed out, a taxpayer might have a remedy under the provisions of chapter 301, p. 620, of the Laws of 1892.

In the case now before us the town board of audit has acted, it is true, but it has attempted to do that which in law it had no right to do; it has assumed to fix the rate of the relator's compensation, which had already been lawfully determined. It has ordered paid one-fourth of the claim, thus admitting that the relator was the health officer of the town, and so much of the claim has passed on to the board of supervisors in the usual way, but there is still a legal obligation on the part of the town to pay the remainder of his salary at the rate of $100 per annum, and as to this much of the claim the town board of audit has not ceased to have power, and it is within the decisions that section 2125 of the Code of Civil Procedure "is not solely a statute of limitations, but that by implication it grants the relator four months in which to procure the writ in cases like this, in which, although the determining body has finally adjourned after disposition made of the matter, it or its successor at its next authorized meeting can obey the order made by the court." People ex rel. Andrus v. Town Auditors, 33 App. Div. 277, 53 N. Y. Supp. 739; People ex rel. Village of Brockport v. Sutphin, supra.

In the latter case, in commenting on the above, the court say:

"We think this is the correct rule, and that the Legislature intended to extend rather than restrict the scope of the writ. It prevents the defeat of an important remedy when the town board disallows a claim, makes and files the certificate, and adjourns on the same day, whether from proper motives or with the intent to prevent an examination of their official action. The board is a continuous body; any change in the persons composing it is unimportant, and there is nothing to prevent it from acting upon the claim in some subsequent year when its previous determination disallowing the claim has been reversed."

The facts as they appear from the return, in connection with the petition, show that the relator is entitled to an audit of the remainder of his claim. The determination of the town board of audit should therefore be annulled and such claim remitted to the board, with instructions to audit the same at the rate of $100 a year for the period during which the relator acted as health officer.

Determination annulled, with costs, and proceedings remitted to the respondents for audit in accordance with the opinion of WOODWARD, J. All concur.