(116 App. Div. 753)

PEOPLE ex rel. GEDNEY v. SIPPELL et al., Board of Audit.

(Supreme Court, Appellate Division, Second Department. January 11, 1907.)

1. TOWNS—CLAIMS AGAINST TOWN—AUDIT.

The duty of fixing the compensation of a town clerk for services rendered at an election other than at a town meeting being upon the town board, under Laws 1896, p. 906, c. 909, § 18, the board of audit had no authority to hold the amount unreasonable; their only duty being to audit the claim as fixed.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 45, Towns, § 105.]

2. SAME—COMPENSATION OF OFFICER.

The fact that the assessor, who under Tax Law, Laws 1896, p. 810, c. 908, § 35, was the custodian of the assessment roll, used the town clerk's

office in exhibiting the assessment roll for inspection, did not entitle the town clerk to compensation for services rendered as custodian of the assessment roll.

Certiorari by the people, on the relation of Robert Gedney, to review the action of the board of audit of Orangetown, Rockland county, in disallowing claims presented by relator for audit. Determination annulled in part, and the claim remitted, with instructions to audit the same. As to other claims, writ dismissed.

Argued before HIRSCHBERG, P. J., and WOODWARD, RICH, HOOKER, and MILLER, JJ.

Abram A. Demarest, for petitioner.
Frank Comesky, for respondents.

RICH, J. This proceeding is instituted to review the action of the town board of audit of the town of Orangetown, county of Rockland, in disallowing four claims presented by the relator for audit. Each claim is for services alleged to have been rendered by him as town clerk of said town.

The first is for services rendered at an election, other than a town meeting, in the year 1904; and the members of the town board have fixed the compensation for these services at the sum of $300. The town board of audit have refused to allow this claim at that amount, on the ground that the same is excessive, and have audited it at $100, as a fair and reasonable compensation for the services rendered. We might not disagree with the board of audit as to the value of these services, but cannot pass upon that question upon the papers before us. The election law (Laws 1896, p. 906, c. 909, § 18) vests in the town board the right to fix a reasonable compensation for the services of a town clerk in carrying out the provisions of that act, and we cannot say, upon the facts disclosed in the record that the compensation so fixed is not reasonable. The members of the town board have been selected by the electors, and they are charged with the duty of fixing the value of the services, and, if they see fit to choose unfit persons, who are unfaithful to the trust reposed in them, the fault is not in the law. The two official boards of this town have materially disagreed as to the value of relator's services. The presumption is that each has given its best judgment and acted conscientiously; but, as has already been said, we are not called upon to examine into the merits of this phase of the controversy. The question before us for determination is as to the authority of the board of audit to review the action of the town board in fixing the relator's compensation. We are of the opinion that the right does not exist. The duty of fixing relator's compensation is upon the town board, and, having done this, the only duty of respondents was to audit the claim as fixed. It was not for them to say that the amount was unreasonable. As a board they had no jurisdiction to inquire into the question. In this case, as in People ex rel. Leitner v. Sipple, 109 App. Div. 788, 96 N. Y. Supp. 897, the town board of audit has "assumed to fix the value of the relator's compensation, which had already been lawfully

determined." This they had no right to do, and the rule established in that case must be followed in this.

The next question is presented by the refusal of the respondents to allow two bills for $30 each, presented to them for audit, for services rendered as custodian of the assessment roll for 15 days in the year 1894, at $2 per day, and for 15 days in 1895, at the same rate per day. It appears that the assessment rolls of the town were placed in relator's office as town clerk during each of those years by the assessors of the town, for inspection, and that relator kept his office open for that purpose for the period of time charged for and devoted such time to the service. Our attention is called to no authority under which the relator is entitled to compensation for such services. He was not the custodian of the assessment rolls, and was not entitled to a per diem compensation as custodian because an assessor, who was the custodian (Tax Law, Laws 1896, p. 810, c. 908, § 35) made use of the town clerk's office in exhibiting the assessment roll for inspection. We think these bills were properly rejected, as was also the fourth and last claim for services as a member of the town board of canvassers, because this bill was audited in the year 1894.

The determination of the town board of audit should therefore be annulled, in so far as it relates to the rejection of relator's claim for compensation for services in connection with the election of 1894, and such claim should be remitted to the board, with instructions to audit the same at $300; and, as to the other claims, the writ should be dismissed, without costs. All concur.