(120 App. Div. 614)

PEOPLE ex rel. SHERWOOD v. BLOOD et al.

(Supreme Court, Appellate Division, Fourth Department. June 12, 1907.)

1. CERTIORARI—RETURN AND RECORD—QUESTIONS FOR REVIEW.
    On certiorari, the court, while concluded by statements of facts in the return material to the controversy, must consider material facts contained in the petition and accompanying papers and admitted by the return, in connection with the material facts stated in the return, and mere opinions or conclusions therein do not have the effect of controverting material allegations of fact in the petition.
    [Ed. Note.—For cases in point, see Cent. Dig. vol. 9, Certiorari, § 143.]

2. HEALTH—HEALTH OFFICER—COMPENSATION—POWERS OF BOARD.
    Under the express provisions of Public Health Law, Laws 1893, p. 1502, c. 661, § 21, as amended by Laws 1903, p. 879, c. 383, a local board of health is empowered to fix the compensation of its health officer and to allow him in addition to the sum so fixed, his reasonable expenses, in attending the annual sanitary conference of health officers.

3. SAME.
    Under Public Health Law, Laws 1893, p. 1502, c. 661, § 21, as amended by Laws 1903, p. 879, c. 383, providing that every local health board shall prescribe the duties and powers of the local health officer, direct him in the performance of his duties, and fix his compensation, the failure of the board of health to prescribe in a formal manner the duties of the health officer is not ground for withholding his compensation.

4. SAME.
    Under Public Health Law, Laws 1893, p. 1502, c. 661, § 21, as amended by Laws 1903, p. 879, c. 383, empowering every local health board to fix the compensation of its health officer and to also allow him additional pay for extraordinary services a board of town auditors could not reject the claims of a health officer because the auditors did not agree with the board of health as to the health officer's rate of compensation or the value of his services.

    Williams, J., dissenting.

Certiorari by the people, on the relation of Frank G. Sherwood, against Hervey Blood and others, as and constituting the board of town auditors of the town of Albion, requiring them to certify a return of their proceedings had in disallowing relator's claim for salary and disbursements as health officer. Determination of respondents annulled, and claims remitted, with directions to audit and allow the same.

Argued before McLENNAN, P. J., and SPRING, WILLIAMS, KRUSE, and ROBSON, JJ.

Gerald B. Fluhrer, for relator.

John C. Knickerbocker, for respondents.

KRUSE, J.　The claims in controversy consist of two items—$250 for services of the relator as health officer of the town for one year, from November 12, 1904, to November 12, 1905, and $20.40 for expenses of the relator in attending the annual sanitary conference of health officers at Albany, on December 15 and 16, 1904. · The board of town auditors, the respondents, rejected both claims.

We think the claims should be allowed. The relator has acted as health officer of the town since May 24, 1903, at first without a stated salary or fixed compensation, fees being paid him for services up to the 16th day of June, 1904. On the 6th day of October, 1904, the relator's compensation was fixed by the board of health of the town at $250 a year. Thereafter, and in November of the same year, the relator presented an itemized statement for fees, disbursements, and specific services rendered, including an item for salary from June 16, 1904, to November 12, 1904, at the rate of $250 per year, amounting to $101.38, in all the sum of $125.88. Another claim of $1,600 was presented by him at the same time for services rendered by the relator in 1903 in attending smallpox patients during the months of November and December in that year. The former claim was allowed in full, while the latter was audited at $800. After the fixing of his compensation and the auditing of his claims in 1904, the relator continued to serve in the capacity of health officer, and presented the claims in controversy to the board of town officers at their annual meeting in November, 1905, one for services at the flat rate of $250 per year, as fixed by the board of health, and the other for his expenses in attending the conference above mentioned.

Numerous objections are urged against these claims, both as to the form in which they were presented and as to their validity. If the board of health did not have the authority to fix the compensation of the health officer for his salary in advance of his rendering the services, or did not in fact fix the same, we might agree with the respondents that the claim for services presented should not have been allowed, or at least not allowed in full. But the relator did not base his claim upon the specific services rendered. His claim was founded upon the stated compensation fixed by the board of health, and, if he is right, there was no necessity for his keeping an account, or furnishing a detailed statement of services rendered by him. We think that the record before us shows that the board of health did so fix the compensation, and we are further of the opinion that it had the authority to fix the same, and acted providently in so doing.

The respondents in their return state that the claim presented failed to show that the claimant rendered any services for the town, and that the board of health had no legal right or authority to fix a stipulated sum as a yearly salary for a health officer, that in auditing and rejecting the claim they procured information where obtainable, and that they made use of their own knowledge and such knowledge as they acquired by observation and experience. Upon being required by an order of the Supreme Court to state and return all of the information and evidence, both oral and documentary, on which they acted in auditing and rejecting the claim, they made a further return accordingly. While we are concluded upon this review by statements of fact contained in the return of the respondents material to the controversy, yet as regards material facts contained in the petition and admitted by the return, by the respondents being silent concerning the same or otherwise not controverting them, it is the duty of the court to consider such facts contained in the petition and accompanying papers in connection with the material facts stated in the return, and mere opinions or conclusions contained in a return do not have the effect to controvert material allegations of fact in the petition. People ex rel. Village of Brockport v. Sutphin et al., 166 N. Y. 163, 59 N. E. 770; People ex rel. Keim v. Desmond, 186 N. Y. 232, 234, 78 N. E. 857. Applying this rule, the record before us fairly shows that the relator was duly appointed health officer of the town of Albion on the 16th day of June, 1904, for the term of four years, as is provided by section 20 of the public health law (Laws 1893, c. 661, p. 1501); that he has acted as health officer since that time, and was so recognized by the board of health and the board of town auditors of the town; that on the 6th day of October, 1904, the board of health fixed his salary at $250 a year; that the board of health allowed to him his reasonable expenses in attending the annual sanitary conference of health officers on the 15th and 16th of December, 1904, which conference he attended by order of the local health board.

Section 21 of the public health law (chapter 661, p. 1502, Laws 1893, as amended by chapter 383, p. 879, Laws 1903) specifically empowers the local health board to fix the compensation of the local health officer. It contains the following provision:

"Every such local board shall prescribe the duties and powers of the local health officer, who shall be its chief executive officer, and direct him in the performance of his duties, and fix his compensation. In addition to his compensation so fixed, the board of health may allow the reasonable expenses of said health officer in going to, attending and returning from, the annual sanitary conference of health officers, or equivalent meeting, held yearly within the state, and may also within its judgment whenever the services rendered by its health officer during any year are extraordinary, or extra hazardous, by reason of epidemic, or otherwise, allow to him such further sum in addition to said fixed compensation as shall be audited by the town board of a town or by the board of trustees of a village which said expenses and said additional compensation shall be a charge upon and paid by the municipality as provided in section thirty of this act."

It seems quite obvious from this provision that it was competent for the local board of health to fix the compensation of its health officer at a yearly salary as was done in this case, and to allow him

his reasonable expenses in addition to the sum so fixed for attending the sanitary conference.

It is urged by the respondents that the health officer is entitled to no salary, for the reason that the local board failed to prescribe the duties and powers of the health officer. It is true that no formal resolutions were adopted prescribing his duties, but it does not follow from this that he performed no services. The statute makes him the chief executive officer of the local board of health, and he is subject to the direction of the board in the performance of his duties. There is no claim that he was not ready at all times to do what was required of him by the local board of health, or did not in fact discharge the duties imposed upon him by law or required of him by the local board. Merely because the board of health failed to prescribe his duties in a formal manner affords no good reason for withholding his compensation. Neither were the respondents justified in rejecting these claims because they did not agree with the board of health as to his rate of compensation or the value of his services. That question was for the local board of health, and we cannot say, nor were the respondents warranted in determining, that the board of health acted improvidently in fixing the compensation as they did. In People ex rel. v. Sipple and Others, 109 App. Div. 788, 96 N. Y. Supp. 897, it appeared that the local board of health had fixed the compensation of a health officer at $100, but the board of town auditors reduced the claim to $25. It was there held that the board of auditors were not justified in making such a reduction, and the determination of the auditors was set aside; Mr. Justice Woodward, in writing the opinion of the court, saying:

"There is some claim that the relator had not discharged the duties of his office; but, as we view the case, this did not concern the respondents. If the relator held the office, so long as he was not removed, he was entitled to the salary which had been affixed to the office by competent authority."

We think none of the objections urged against the claims in controversy well taken, and that the board of auditors were not justified in refusing to allow them. The determination of the board of town auditors of the town of Albion should therefore be annulled, with $50 costs and disbursements, and the claims remitted to the board, with directions to audit and allow the same. All concur, except WILLIAMS, J., who dissents.