(89 App. Div. 116.)

### PEOPLE ex rel. CANTON BRIDGE CO. v. BOARD OF AUDITORS OF TOWN OF HORICON.

(Supreme Court, Special Term, Fulton County. December, 1903.)

**1. TOWN AUDITORS—REJECTION OF CLAIM—CERTIFICATE.**

Where the board of town auditors reject a claim against the town, they must make "a certificate to that effect signed by at least a majority of them and file the same in the office of the town clerk," as provided by Laws 1890, p. 1233, c. 569, § 162, as amended by Laws 1897, p. 619, c. 481.

**2. SAME.**

The certificate prescribed by Laws 1890, p. 1233, c. 569, § 162, as amended by Laws 1897, p. 619, c. 481, to be given by the board of town auditors on rejection of a claim, serves a different purpose from the abstract to be made by section 170 of such act (page 1235), requiring the board of town auditors to make brief abstracts of claims presented, and the making of such abstract is not a compliance with section 162.

Application by the people, on the relation of the Canton Bridge Company, for writ of mandamus directing the board of auditors of the town of Horicon to audit a claim of the relator. Writ granted.

John H. Cunningham, for relator.
Potter & Kellogg, for respondents.

SPENCER, J. At the annual meeting of the board of auditors of the town of Horicon in November, 1903, the relator presented a claim for erecting a bridge over Schroon river under a joint contract with the highway commissioners of the towns of Horicon and Chester. The board refused to receive or audit the same, placing such refusal on the ground that the claim had been audited and rejected by the board of auditors in the year 1900.

The rejection of a claim on its merits by a board of town auditors is a bar to a subsequent presentation and audit (People ex rel. Myers v. Barnes, 114 N. Y. 317, 20 N. E. 609, 21 N. E. 739), but it is not so if the rejection is for other cause. Thus it has been said that a claim rejected because not in proper form, or not properly verified, or not accompanied by proper vouchers, or for any reason not involving its merits, is not a bar to its subsequent presentation and audit by another

board. Osterhoudt v. Rigney, 98 N. Y. 222–234; People ex rel. Andrus v. Town Auditors, 33 App. Div. 277, 53 N. Y. Supp. 739. The relator contends, and files affidavits in support of such contention, that its claim was rejected in 1900 because it was not properly authenticated, while the respondent produces affidavits of two members of the board for that year to the effect that the claim was rejected on its merits, because it did not constitute a legal charge against the town. The issue of fact thus raised might be sent to trial under a return to an alternative writ (Code Civ. Proc. § 2070), were it not that I have come to the conclusion from the record before me that there was no adjudication of the claim by the board of auditors in 1900, within the meaning and intent of the statute (Town Law; Laws 1890, p. 1233, c. 569, § 162, as amended by Laws 1897, p. 619, c. 481). It clearly was not the intention of the lawmaking power to leave the question of the allowance or rejection of a claim by a town board to the uncertain memory of its members, or to hearsay testimony of others. The statute requires a record of the action taken to be made and filed. The importance of such a record is apparent. The decisions of the board are final and conclusive upon the parties until modified or reversed on review by certiorari, which proceedings must be taken within four calendar months after the determination. Code Civ. Proc. § 2125. It is therefore necessary, not only for the protection of claimants, but for the town as well, that there be some official record of the action of the board, and to which reference may be made when called in question.

The provisions of the statute (Town Law, § 162) alluded to, read as follows:

"The meeting of the town board held on the Thursday preceding the annual meeting of the board of supervisors, shall be for the purpose of auditing accounts and allowing or rejecting all charges, claims and demands against the town. If any account is wholly rejected, the board shall make a certificate to that effect, signed by at least a majority of them, and file the same in the office of the town clerk."

This provision is made applicable to boards of town auditors (Town Law, § 174, as amended by Laws 1896, p. 33, c. 85), and must be complied with, in order to make their action effectual and binding upon claimants whose claims are wholly rejected.

The only certificate made by the auditors of Horicon in 1900 is before me, and is indorsed: "Abstract of town accounts. Horicon, 1900." An examination of this paper clearly shows that it does not comply in any respect with the requirements of the above provision. It consists of a list of names of the persons who presented accounts for audit. Opposite these names are two columns, one marked "Claimed," and the other marked "Allowed"; and in these columns are set the amount claimed by and allowed to each claimant, opposite his name. Opposite the relator's name is written in the column marked "Claimed" the figures "2,196.00," and in the column marked "Allowed" is written the word "Rejected." Following is a certificate signed by the members of the board, to wit:

"State of New York, County of Warren, Town of Horicon—ss.: We, the undersigned, Board of Town Auditors, Town Board, of said town, do hereby,

certify, that the foregoing is a correct abstract of the names of all persons who have presented to said board accounts to be audited at November meeting, year 1900, the amount claimed by each of said persons and the amount audited by said board to each of them respectively.

"November 8, 1900.

"[Signed]    Joseph F. Smith, Chairman.
"Louis H. Dorrett, Clerk.
"Worden H. Remington.
"Board of Town Auditors."

As will be seen, this certificate makes no mention of any claim having been rejected. It does not, in terms or by implication, refer to the rejection of any claim set forth in the list. It is clear that the abstract was not intended for the purpose required by section 162, supra, but was made and filed for the use of the supervisors, as required by section 170 of the town law, which section provides as follows:

"Boards of town auditors shall annually make brief abstracts of the names of all persons who have presented to them, accounts to be audited, the amounts claimed by each of such persons, and the amounts finally audited by them respectively and shall deliver such abstracts to the clerk of the board of supervisors, and the clerk shall cause the same to be printed with the statements required to be printed by him."

The certificate required by section 162 and the abstract directed to be made by section 170 are intended to serve different purposes. The certificate notifies claimants of the action of the board in respect to their claims, and constitutes a permanent official record of such action. The abstract is simply to inform the board of supervisors in respect to claims allowed by the board, so as to enable the supervisors to provide therefor in the annual tax levy. The making and filing of the abstract do not dispense with the making and filing of the certificate. The abstract in question complies with section 170, but utterly fails to meet the requirements of the certificate required by section 162.

It is not unreasonable to require substantial compliance with the requirements of a statute such as this. Courts should not speculate as to matters required to be of record, or seek to establish the same by oral proof. Especially is this so where such action is set up as a bar to a further hearing.

The relator herein may have an order granting a writ of peremptory mandamus directed to the respondent, requiring it to meet and receive the account or claim of the relator, and to audit and pass upon the same, and to make and file such certificate of their action as may be required by the statute in such case made and provided, together with costs.

Ordered accordingly.