(105 App. Div. 212.)

## PEOPLE ex rel. BOYCE v. PAGE et al.

(Supreme Court, Appellate Division, Third Department. May 9, 1905.)

1. TOWNS—CLAIMS—REJECTION BY AUDITORS—CERTIFICATE.

The town law (Laws 1890, p. 1235, c. 569, § 170) requires the board of auditors to make brief abstracts of the names of all persons who have presented to them accounts to be audited, the amounts claimed by such persons, and the amounts finally audited, and to deliver the same to the clerk of the board of supervisors. Section 162 (page 1233), as amended by Laws 1897, p. 619, c. 481, provides that, if any account is wholly rejected, the board shall make a certificate to that effect, and file the same in the office of the town clerk. A town board of auditors certified "that the following is a correct abstract of the names of all persons who have presented to said board accounts to be audited, the amounts claimed by each of said persons, and the amounts audited by them respectively." Appended to this certificate was an abstract giving the number of a claim, the name of the claimant, the nature of his claim, the amount claimed, and the amount allowed, or, if nothing was allowed, stating that the claim was disallowed. *Held*, that such certificate and abstract, although filed with the town clerk, constituted the abstract required by section 170, and did not fulfill the requirements of section 162 with respect to wholly rejected claims.

2. SAME—FAILURE TO MAKE CERTIFICATE—COMPULSION BY MANDAMUS.

Mandamus will lie at the suit of a claimant to compel a board of town auditors to make out and file with the town clerk the certificate of the rejection of the claim required by section 162 of the town law (Laws 1890, p. 1233, c. 569), as amended by Laws 1897, p. 619, c. 481.

Appeal from Special Term, Fulton County.

Mandamus proceedings by the people, on the relation of Linn L. Boyce, against Renajah Page and others, constituting the board of town auditors of the town of Lake Pleasant. From an order denying a peremptory writ, relator appeals. Reversed.

Argued before PARKER, P. J., and SMITH, CHASE, CHESTER, and HOUGHTON, JJ.

Samuel S. Hatt, for appellant.

James R. Van Ness, for respondent.

CHESTER, J. The order appealed from denies the relator's application for a peremptory writ of mandamus to compel the defendants, constituting the board of auditors of the town of Lake Pleasant, to reconvene as such board, and to reconsider and revoke their action upon the claim of the relator against said town, to permit him to give lawful proof thereof, to thereupon reaudit said claim, and to thereupon make, sign, and file in the office of the clerk of said town a certificate of their action, as required by section 162 of the town law (Laws 1890, p. 1233, c. 569).

It is clear from the petition and the answering affidavits that the relator presented his claim to the defendants for audit on November 10, 1904, and that such claim was wholly disallowed by them. After taking such action upon the relator's claim, the defendants made and filed in the office of the town clerk of that town a paper, of which the following is a copy:

We, the undersigned, Town Board of Auditors of the town of Lake Pleasant, pursuant to the Town Law, do hereby certify that the following is a correct abstract of the names of all persons who have presented to said board accounts to be audited, the amounts claimed by each of said persons and the amounts audited by them respectively:

| No. of Claim. | Claimant. | Nature of Claim. | Amt. Claimed. | Amt. Allowed. |
|---|---|---|---|---|
| * * * | * * * | * * * | * * * | * * * |
| 16 | L. L. Boyce. | Claim for legal services. | $1,530.35 | Disallowed. |
| * * * | * * * | * * * | * * * | * * * |

Dated Nov. 11th, 1904.

[Signed]　　　　　　　　　　Benajah Page, Chairman,
　　　　　　　　　　　　　　Fitch Buyce,
　　　　　　　　　　　　　　Frank E. Abrams,
　　　　　　　　　　　　　　　　　　　Board of Auditors.

The above paper is in form of the abstract required to be delivered annually, under section 170 of the town law (Laws 1890, p. 1235, c. 569), to the clerk of the board of supervisors, and is not the certificate required by section 162 of such law, as amended by chapter 481, p. 619, of Laws 1897. That section provides: "If any account is wholly rejected the board shall make a certificate to that effect, signed by at least a majority of them, and file the same in the office of the town clerk." While the paper as made by the defendants was filed in the office of the town clerk, it is not a certificate that the claim was wholly rejected, as required by that section. Indeed, the only facts certified to are that the abstract correctly states the names of the persons who presented to the board accounts to be audited, the amounts claimed by each of them, and the amounts audited by them, respectively. The fact that under the words "Amt. Allowed," in the abstract, there is inserted on the line describing relator's claim the word "Disallowed," does not add anything to the force of the certificate, which is that the abstract contains the "amounts audited" by the defendants. There was no amount

audited under this claim, and the certificate itself contains nothing to the effect that the relator's claim was wholly rejected by the board. The relator was entitled, if the board upon the audit of his claim wholly rejected it, as is claimed by the defendants, to have a certificate to that effect made and filed by them, as required by section 162. People ex rel. Canton Bridge Co. v. Town Auditors, 42 Misc. Rep. 116, 85 N. Y. Supp. 1093, affirmed 95 App. Div. 620, 88 N. Y. Supp. 1113.

In People ex rel. Remmington v. Manning, 37 App. Div. 143, 55 N. Y. Supp. 781, Follett, J., in referring to said section 162, says:

"It is a wise statute, and should be strictly enforced; * * * and, if not complied with, it should be enforced by the courts upon the application of any citizen of the town, as well as upon the application of a person having an account against the town which is not audited in the manner provided by the section."

The section required the defendants to make a record of their action upon the relator's claim, to be filed in the office of the town clerk. That section not having been complied with, a proper case is presented for a mandamus to compel the defendants to perform the duty imposed upon them in that respect by the section.

The order should be reversed, with $10 costs and disbursements, and a peremptory writ of mandamus granted, with $50 costs and disbursements to the relator, requiring the defendants to reconvene, and to thereupon make, sign, and file in the office of the clerk of the town of Lake Pleasant a certificate of the rejection of the relator's claim, as required by section 162 of the town law. All concur.