WILLIAM C. BENFIELD, Respondent, v. THE VACUUM OIL COMPANY, Appellant.

75  209
151a 671
75h 209
52ad 93

*Master and servant — explosion of gases generated in heating paraffine — personal injury — failure to prescribe rules — duty to instruct the servant — the servant's experience.*

The doctrine of the liability of the employer because of his failure to prescribe rules for the conduct of his servants has application only to a case where it is sought to charge the employer with responsibility to one servant for the act or neglect of a fellow-servant in the same employment; it does not apply in the case of a servant who is injured through an act in which he himself alone is engaged.

The master is not required to exercise the highest possible diligence to instruct his servant in every conceivable particular of the circumstances in which he may be placed, or in every possible detail of his conduct in the performance of his duties.

The requirement in this respect is only that the master exercise ordinary and reasonable care to see that the servant possesses a competent knowledge of the particular dangers to which he is exposed in doing his work, and of the precautions necessary to be taken to guard himself against those dangers.

In the exercise of that care, the master has the right to assume that the servant brings to the work ordinary intelligence and powers of observation and the capacity to learn something from observation and experience.

The duty of the master to instruct the servant against dangers incident to his work extends only to such dangers as are known to the master, himself, or which are reasonably to be apprehended from the nature of the employment.

In an action brought by an employee against his employer to recover damages for a personal injury resulting from an explosion of gases in a tank, in which paraffine was being heated by the application of steam, it appeared that the explosion was caused by the act of the plaintiff, while carrying a lighted lantern, in raising the lid of the tank to cool the contents before adding fresh material, and that the plaintiff had had a practical experience of a year and a half in the performance of the same duties as those in which he was engaged at the time of the accident. Negligence was charged against the defendant in that he failed to instruct the plaintiff as to the performance of his duties, and, especially, as to the use of a lantern near the tank.

*Held*, that from his experience the plaintiff must have become acquainted with the properties of the substances with which he was engaged, and with the generation of explosive gases therefrom, and with the fact that it was unsafe to bring fire into contact with those gases;

That a verdict which charged the defendant with culpable negligence in failing to instruct the plaintiff in this regard was contrary to the law and the facts of the case.

The plaintiff testified that during his whole experience he had been in the habit of doing the work assigned him in the same way as at the time of the accident, and that no explosion had ever before occurred.

*Held,* that if this was true the inference was unavoidable that the conditions present at the time in question were materially different from those which usually prevailed;

That this tended to show that the danger then encountered was one not reasonably to have been apprehended by the defendant, and demonstrated that either the negligence of a fellow-servant, the engineer whose duty it was to regulate the application of steam to the tank, and who at the time in question had devolved his duty upon the plaintiff, or of the plaintiff himself who undertook the performance of that duty, contributed to the accident;

And that in either case there could be no recovery in the action.

APPEAL by the defendant, The Vacuum Oil Company, from an order of the Supreme Court, made at the Monroe Circuit and entered in the office of the clerk of Monroe county on the 22d day of April, 1893, denying the defendant's motion for a new trial made upon the minutes, after a verdict had been rendered for the plaintiff.

The action was brought to recover the damages resulting from personal injuries received by the plaintiff while in the employ of the defendant, alleged to have been caused by the defendant's negligence.

*William N. Cogswell,* for the appellant.

*Charles Van Voorhis,* for the respondent.

DWIGHT, P. J.:

The plaintiff had been in the defendant's employ for a year and a half, engaged in the same duties and exposed to the same dangers as at the time when the accident occurred from which the injury was received of which he now complains. The accident was the explosion of gas in a tank in which paraffine was being heated, and it was caused by the act of the plaintiff himself in raising the lid of the tank with a lighted lantern in his hand or hanging on his arm. The gas escaping from the open tank communicated with the flame of the lantern, and the explosion followed in which the plaintiff was burned and otherwise injured.

The paraffine tanks or boilers were outside of the building, and were buried in the ground, except the openings through which they were filled and emptied, and to which the covers were fitted. The

tanks were heated by steam, introduced by means of coils of pipe, from which it was the duty of the engineer to shut off the steam, when sufficiently heated, and, at the proper time after that, more of the cold and solid paraffine was added and the heat renewed. The cold paraffine was brought from the presses inside of the building in a hand cart and thrown or dumped into the tank, and this was the duty, among others, of the plaintiff. The operation involved the danger of being splashed with the already heated contents of the tank, and to obviate this the men were in the habit of lifting the cover a suitable time beforehand in order to cool down the contents before filling.

It was for this purpose only that the plaintiff went to the tank at the time of the explosion. He had no need of his lantern, except to light his way to the tank; he had no occasion to inspect the contents or condition of the tank in any respect, but only to raise the lid; and for this purpose the lantern would have served him as well set down or hung up at a safe distance, as carried to the very mouth of the tank. The failure to observe this precaution was the sole cause of the accident, and the only question for the jury was "Whose fault was it?" or "Was it solely the fault of the defendant?" For if it was even partly the fault of the plaintiff there can be no recovery in this action.

The plaintiff seeks to charge the fault to the defendant on the ground: (1) That it failed to give the plaintiff the necessary instruction as to the explosive character of the gases evolved from petroleum in the various processes of its refinement and manufacture; (2) that it failed to provide proper lighting for the tank; (3) that it failed to provide proper rules for the government of its employees.

The second and third of these grounds need not occupy very much of our time. It is plain that the doctrine of the liability of the employer for failure to prescribe rules for the conduct of his servants has application only to charge the employer with responsibility to one servant for the act or neglect of a fellow-servant in the same employment. In this case there was only one fellow-servant whose act or neglect seems to have borne any possible relation to the accident in question, and the plaintiff does not seek to charge the defendant with responsibility for his act or neglect. That serv-

ant was the engineer, whose duty to turn off the steam from the tank at the proper time was well understood by him, but who on this particular evening intrusted that duty to the plaintiff himself; so that if the steam was not shut off in time, or the tank was opened too soon after the steam was shut off, the plaintiff has only himself to blame.

In respect to the lighting of the tanks it was in evidence that there were some electric lights in the yard — though the plaintiff testified that they were not so situated that he could see at the tank which exploded — and that a new electric light had been put up, within a few days, on the outside of the building near the tank which could have been lighted by turning on the electricity by a switch inside, but the plaintiff testified that he did not know of its presence, and that the light was not turned on that night. But we do not consider these facts of much importance, because, as already appears, up to the time of the explosion, no light was necessary except to show the way to the tank, which, after his eighteen months' experience, must have been very familiar to the plaintiff, and plainly did not require that his lantern should be presented at the very opening of the tank.

We are of the opinion, therefore, that the question in the case is narrowed down to the first of the grounds above enumerated, upon which negligence is alleged against the defendant, viz., the failure to give the plaintiff necessary instructions as to the dangers to be guarded against in the performance of his duties, and, especially, in the use of a lantern in proximity to the paraffine tanks. And, in this respect, it seems to us that the verdict which charges the defendant with culpable negligence, as the producing cause of the accident in question, was against the law and the facts of the case as it was made on the trial under review.

In the first place, it is to be observed that the defendant was not required to exercise the highest possible diligence to instruct the plaintiff in every conceivable particular of the circumstances in which he might be placed, or in every possible detail of his conduct in the performance of his duties. The requirement in this respect is only that the master exercise ordinary and reasonable care to see that the servant possesses a competent knowledge of the peculiar dangers to which he is exposed in doing his work, and of the precautions neces-

sary to be taken to guard himself against those dangers; and in the exercise of that care the master has the right to assume that the servant brings to the work ordinary intelligence and powers of observation, and the capacity to learn something from observation and experience. (*De Forest* v. *Jewett*, 23 Hun, 490, 493; affd., 88 N. Y. 264.) Moreover, the duty to instruct against dangers incident to the work extends only to such dangers as are known to the master himself, or which are reasonably to be apprehended from the nature of the employment. (*Devlin* v. *Smith*, 89 N. Y. 470, 476; *Stringham* v. *Hilton*, 111 id. 188, 195, 196.)

In this case the plaintiff had had practical experience of a year and a half in the performance of the same duties as those in which he was engaged on the night of the accident, and it is impossible to believe that he had not in that time acquired some knowledge of the nature and properties of the substances with which he was engaged; that he had not learned that the products of petroleum, under some conditions, and especially the condition of great heat, are capable of generating explosive cases, and that it is unsafe to bring fire into contact with those gases when they are being evolved.

But the plaintiff testifies that he had been in the habit, during the whole of his experience with the paraffine tanks, of doing the work assigned to him in the same way as on the night in question, and that no explosion had ever before occurred. If this is true — if he had habitually raised the lid of the tank with his lantern in his hand, or hanging on his arm, and done so with impunity, then the inference is unavoidable that the conditions present on the night in question were materially different from those which usually prevailed, and the only reason for that difference, which is suggested by the evidence, is that the heat in the tank was greater than it ordinarily was when the lid was raised, and that this was caused by leaving the steam on longer than was proper, and that the tank was opened too soon after the steam was shut off. This conclusion, if it afforded the correct hypothesis to account for the unusual and, indeed, unprecedented explosion, is important in two respects as bearing upon the question of the defendant's liability; for, *first*, it tends to show that the danger here encountered was one not reasonably to have been apprehended by the defendant, and, *second*, it demonstrates either that the negligence of the fellow-servant, the engineer, who devolved

his own duty upon the plaintiff, or of the plaintiff himself, who undertook the performance of that duty, or of both,.contributed to occasion the accident and to produce the injury complained of, and in either case there could be no recovery in this action.

We think the motion for a new trial, which presented the questions here considered, should have been granted.

The order appealed from should, therefore, be reversed.

LEWIS and HAIGHT, JJ., concurred.

Order denying defendant's motion for new trial granted, costs to abide the event.