(109 App. Div. 183.)

STENGER v. BUFFALO UNION FURNACE CO.

(Supreme Court, Appellate Division, Fourth Department.  November 15, 1905.)

1. NEGLIGENCE—PLEADING AND PROOF.
    Admission of evidence of negligence other than that charged in the complaint is error.

    [Ed. Note.—For cases in point, see vol. 37, Cent. Dig. Negligence, §§ 208, 216.]

2. EVIDENCE—CONCLUSION OF WITNESS.
    In an action for death of an employé at a blast furnace, who was killed by falling into the hopper thereof, alleged to have been caused by his being overcome by gas from unnecessary holes and apertures in the furnace, it being a disputed issue whether deceased was overcome by inhaling gas in the manner claimed, and a question whether the evidence shows that the gas came from the defects testified to rather than as a necessary incident to the proper operation of the furnace, it is error to allow a witness to testify that on a prior occasion he had been overcome by gas coming from holes in the furnace; no fact or circumstance being given to show whether his conclusion is well founded.

3. TRIAL—FAILURE OF MASTER TO INSTRUCT AS TO DANGER—PLEADING.
    In an action for death of an employé through negligence of the master, it is error to submit the question of the master's negligence in not giving instructions as to danger; such negligence not having been pleaded.

    [Ed. Note.—For cases in point, see vol. 46, Cent. Dig. Trial, § 587.]

Appeal from Trial Term, Erie County.

Action by Barbara Stenger, administratrix of Joseph Stenger, deceased, against the Buffalo Union Furnace Company. From a judgment on a verdict for plaintiff, and from an order denying a motion on the minutes for a new trial, defendant appeals. Reversed.

See 90 N. Y. Supp. 222.

Argued before McLENNAN, P. J., and SPRING, WILLIAMS, HISCOCK, and NASH, JJ.

Clinton B. Gibbs, for appellant.
George H. Kennedy, for respondent.

HISCOCK, J. We think that the judgment and order appealed from must be reversed on account of errors committed by the trial justice in the admission of evidence and also in his instructions to the jury. The action is brought to recover damages on account of the death of plaintiff's intestate, which is alleged to have been caused by the negligence of the defendant while he was in the employ of the latter. At the time intestate was engaged in dumping material into the top of one of defendant's furnaces, and he fell into the hopper thereof, receiving injuries from which, beyond dispute, he subsequently died. It is the claim of the plaintiff that various portions of this furnace were in a defective condition, allowing a large amount of gas to escape, which overcame intestate, and caused him to fall, as aforesaid.

The case has once before been before this court (90 N. Y. Supp. 222) upon an appeal by the defendant from a judgment recovered against it. Upon that appeal such judgment was reversed, for the reason that it appeared that in the ordinary and proper operation and condition of the furnace a considerable quantity of gas would necessarily escape, and that it did not appear that intestate's death was caused by gas escaping from defective conditions, rather than by the gas incident to the proper condition and operation of the furnace. Upon the trial now under review, plaintiff sought to obviate the objections which proved fatal to her prior recovery, and to introduce such evidence as would at least permit a jury to say that her intestate's death was caused by gas which escaped through defective and unwarrantable conditions. We think that she has strengthened her case in this respect; but, inasmuch as the judgment must be reversed for errors already referred to, and because the evidence may be still further changed upon another trial, we do not deem it wise at this time to determine plaintiff's right to recover upon the main issue, and we pass to the consideration of the other questions presented.

1. Upon the upper portion of the furnace was a small house, wherein the employés stayed while not actually engaged in dumping the "buggies" into the furnace. Upon the trial plaintiff's counsel was allowed to show that at the time of the accident the windows and the door in this house had been broken in. There was also some evidence that the wind blew from the furnace towards this house, and upon this evidence counsel argued that intestate had become affected by gas before he went from the house to the furnace upon the occasion when he fell in, and that it was negligence for the defendant to allow the house to become in the condition stated. This evidence was objected to as inadmissible under the pleadings, and the court, while admitting it, warned the counsel that it was dangerous. We think the evidence was inadmissible

and erroneous.  There is nothing in the complaint which to our minds fairly suggests any such ground of complaint as this, and at the time of its introduction no reply seems to have been made to defendant's contention that it was not within the scope of the complaint.  It is now urged that some bill of particulars has been served in the case which points out this alleged defective condition, but we are unable to find any such.

2. Various witnesses, in spite of defendant's objections, were allowed to describe various leaks in the furnace around which intestate was working, and then to state that "the gas would come out and overcome the men," or that "a large amount of gas would naturally come out there, and naturally overcome the men," or that they were overcome by gas previous to the accident, to the knowledge of their superiors, which came from holes in the furnace.  This class of testimony, in substance, was repeated several times, and there can be no doubt of its importance, and of the influence which it would naturally exert upon the jury in various ways.  The fact, if properly established, that other men upon other occasions prior to the accident, to the knowledge of their superiors, had been injured by the same negligent acts alleged in this case, would certainly be a potent circumstance in leading the jury to find the defendant guilty upon this occasion.  There possibly might be cases in which it would be permissible for a witness to state, in general terms, that he was injured by the same negligent conditions alleged in the case upon trial; but we do not think that this should be allowed in this case, in the manner in which witnesses testified.  It is a disputed issue whether intestate was overcome by inhaling gas in the manner claimed by the plaintiff; and, if he was it is, at best, a perplexing matter to determine whether that gas came from the defects testified to by plaintiff's witnesses, or escaped from the furnace in its necessary and ordinary operation.  With all of the evidence which was introduced upon that subject upon the prior trial, this court was compelled to hold, as matter of law, that it was a matter of speculation to say that the gas which overcame intestate escaped from the defective portions of the furnace.  Under such circumstances, we think it was not permissible for the plaintiff, in the attempt to sustain her theory that her intestate was killed by gas from unnecessary holes and apertures, to call witnesses to swear that upon prior occasions they had been affected or overcome by gas escaping from such places.  That is one of the decisive issues, to be carefully determined by the jury, if sufficient evidence is produced to carry such issue to its consideration, and it should not be permitted to reason or infer that intestate must have been injured in this way because some witness testifies to his conclusion that he had been so injured upon a prior occasion; no fact or circumstance being given to show whether his conclusion is well founded or not.

3. The trial judge, after various other instructions to the jury, charged them as follows:

"It was the duty of this defendant, under the circumstances disclosed by the evidence in this case, if this was a dangerous work—and I believe there

is no dispute about that between the parties, that it involved danger to the men engaged in doing it—to have warned Stenger, when he entered its employ, of such dangers, if any, as were involved in the doing of the work that he had to do, which were not obvious, which could not be discovered and seen by him. It was bound, I say, to do that thing; and if it failed to do it, in that respect it was negligent. * * * It was also obliged to give him instructions concerning any hidden defect involved in the doing of his work, as I have already stated to you."

This instruction was excepted to by defendant's counsel, who asked the court "to charge the jury that there is nothing in the case which gives them the right to consider that question." The court responded to this: "There surely is. One of the witnesses testified directly and positively that no instructions were given." The point was expressly made that no such issue was raised by the pleadings or otherwise. It is somewhat difficult to determine whether the court had in mind the instruction of intestate in regard to the dangers from gas naturally incident to the operation of a furnace in proper condition, or dangers incident to the defects claimed to have existed, if indeed they did exist. If his idea was the former one, it was of course directly in opposition to the plaintiff's theory in this case, which is, that intestate was not injured by the escape of gas naturally incident to the operation of a furnace in good repair, but by the gas escaping through defects. But whichever theory was present in the mind of the learned trial judge, we think it was improper for him to inject into the case this possible ground of negligence, for the reason that it was not alleged in the complaint. Of course, it is elementary that under certain conditions it is the duty of the employer to instruct his employé against hidden dangers of the employment, and that a failure so to do may constitute a ground of negligence; but there can be no doubt that in order to avail himself of such a ground of negligence a plaintiff should allege it in his complaint. Hickey v. Taaffe, 105 N. Y. 26–33, 12 N. E. 286; Fowler v. Buffalo Furnace Co., 41 App. Div. 84–86, 58 N. Y. Supp. 223; O'Hare v. Keeler, 22 App. Div. 191, 48 N. Y. Supp. 376; Benfield v. Vacuum Oil Co., 75 Hun, 209, 27 N. Y. Supp. 16. We are unable to discover anything in the plaintiff's complaint in this action which permitted her to have this charge of negligence submitted to the jury as was done. We further think that in overruling defendant's objections the trial justice inadvertently overstated the evidence which was given upon this subject of instructions, when he asserted that a witness had testified "directly and positively that no instructions were given." The burden rested upon plaintiff, if it had been permissible, to produce evidence affirmatively establishing that no instructions were given to her intestate. So far as we can discover, only two witnesses spoke upon this subject, and, as we interpret the evidence there given, neither witness testified "directly and positively that no instructions were given," but, at most, that he personally could not remember to have given any. The evidence very clearly discloses that the men who were employed with intestate at and around the furnace understood that gas escaped therefrom, and that there was danger of being overcome. That precise subject was discussed between one of plaintiff's wit-

nesses and her intestate at the time the latter went out to do the work which resulted in his death. It is difficult to assume, because two witnesses after the lapse of a long time could not personally remember to have given intestate instructions, that no one else had given them, and that he was in ignorance of certain general conditions around the furnace which were known by other employés. For the reasons stated, the judgment should be reversed.

Judgment and order reversed, and new trial granted, with costs to appellant to abide event upon questions of law only; the facts having been examined, and no error found therein. All concur; McLENNAN, P. J., and NASH, J., upon the additional ground that the evidence does not show that the death of plaintiff's intestate was caused by defendant's negligence.