EDWARD HUGHES and POLLY HUGHES, Respondents, *v.* LEHIGH VALLEY RAILROAD COMPANY, Appellant.

Second Department, January 10, 1919.

Negligence — action against non-resident defendant for death at railroad crossing in a foreign State — pleading — bill of particulars — allegation as to failure of defendant to provide suitable gates at crossing — when such issue not available — right of non-resident defendant to rely upon plaintiff's bill of particulars — conduct of plaintiff's counsel depriving defendant of fair trial.

Where in an action for the death of plaintiff's son killed at defendant's railroad crossing, plaintiff alleged in his bill of particulars that defendant failed to provide suitable gates at the intersection of its tracks with the street, and a playmate of the deceased called for plaintiff as a witness made no allusion to the gates on his direct examination, and upon being cross-examined as to his prior testimony given at the coroner's inquest was asked if he had not then given the answer " the gate was down " and replied that he did not remember such testimony, such cross-examination in no respect enlarged plaintiff's bill of particulars so as to make the issue of negligence as to opening or closing the gates available.

Where a defendant is called from a foreign State, the place of the accident, to bring its witnesses into this State to answer for negligently causing

injury, it has a right to stand on plaintiff's bill of particulars by which it should be apprised of what will be attempted to be charged as faults. The latitude taken by plaintiff's counsel in the proceedings and his summing up to the jury *held* to have diverted them from the true issues and to have deprived defendant of a fair trial.

APPEAL by the defendant, Lehigh Valley Railroad Company, from a judgment of the Supreme Court in favor of the plaintiffs, entered in the office of the clerk of the county of Westchester on the 26th day of March, 1918, upon the verdict of a jury for $8,500, and also from an order entered in said clerk's office on the 26th day of March, 1918, denying defendant's motion for a new trial made upon the minutes.

*Edward W. Walker* [*William W. Green* with him on the brief], for the appellant.

*Humphrey J. Lynch* [*Stephen A. Machcinski* with him on the brief], for the respondents.

PUTNAM, J.:

This action was for the death of plaintiffs' son, who was killed at defendant's railroad crossing on East Lloyd street in the city of Shenandoah, Schuylkill county, Penn., on August 18, 1915. The plaintiffs as parents claim damages under the death statute of Pennsylvania passed June 7, 1911.* Without change of residence from Shenandoah, but after a brief sojourn in Bayonne in New Jersey, the mother, first suing alone, began this action in the Supreme Court of this State for the county of Westchester. Afterwards the father was joined as a coplaintiff. (See *Benyak* v. *Lehigh Coal & Navigation Co.,* 166 App. Div. 829.) Both plaintiffs came to White Plains and testified upon the trial.

When the fatality occurred, defendant had gates which crossed East Lloyd street, but did not extend over all the sidewalk. Such alleged omission was set up in plaintiffs' bill of particulars, that defendant " failed to provide suitable gates at the intersection of its tracks with East Lloyd street, which

---

* See Penn. Laws of 1851, p. 674, chap. 358, § 19; Penn. Laws of 1855, p. 309, chap. 323, § 1, as amd. by Penn. Laws of 1911, p. 678; 3 Purdon's Digest (13th ed.), 3240, 3241, §§ 3, 4, as amd. by 6 id. 7013, § 1.— [REP.

was a grade crossing, that would warn pedestrians of the approach of a train."

Beck, who was a playmate of deceased, called for plaintiffs, had made no allusion to the gates on his examination in chief. Being cross-examined as to his prior testimony given at the coroner's inquest, he was asked if he had not then given the answer "the gate was down." The witness, however, stated that he did not remember such testimony. Among other instructions to the jury in his charge, the court told them: "You take into consideration the gates, their location and whether they were up or down, when they were up and when they were down, and what gates and what notice this deceased had of the approach of the car." Defendant's counsel duly excepted to this submission "of the question of whether the gates were up or down, because that is not pleaded or referred to in the bill of particulars." Such exception was well taken. The inquiry on Beck's cross-examination as to his prior statement before the coroner, while it might have opened the matter of the closing of gates for redirect examination, in no respect enlarged plaintiffs' bill of particulars; so that the issue of negligence as to opening or closing these gates was not available. (*Stenger* v. *Buffalo Union Furnace Co.*, 109 App. Div. 183.)

One, like this appellant, who is called from the vicinage of a casualty to bring its witnesses into this State to answer for negligently causing injury, has a right to stand on plaintiffs' bill of particulars, by which it should be apprised of what will be attempted to be charged as faults. No attempt during the trial was made to amend or enlarge the scope of such bill of particulars. Furthermore, the latitude taken by plaintiffs' counsel in the proceedings, and in his summing up to the jury, tended to divert them from the true issues, and to deprive defendant of that fair trial to which it was entitled.

The judgment and order should, therefore, be reversed, and a new trial granted, with costs to appellant to abide the event.

JENKS, P. J., MILLS, RICH and KELLY, JJ., concurred.

Judgment and order reversed and new trial granted, costs to appellant to abide the event.