PEOPLE ex rel. BROOKLYN COOPERAGE CO. v. KING et al.,
Town Auditors.

(Supreme Court, Appellate Division, Third Department. November 14, 1906.)

1. TOWNS—PRESENTATION AND ALLOWANCE OF CLAIMS.

A claim presented against a town by a creditor, though not itemized and verified as expressly required by Laws 1890, p. 1235, c. 569, § 167, was allowed, but was afterwards disallowed, and, upon the town fire warden presenting an account including such claim, the claim was audited and disallowed. *Held*, that the creditor was not barred from a subsequent presentation and audit, since the fire warden presented the claim without

apparent authority, and the creditor appeared to have had no notice of the reconsideration and disallowance.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 45, Towns, § 107.]

2. SAME—VERIFICATION.

Where the verification of a claim against a town omitted to state that the account was correct and that the services charged therein had been in fact rendered, as required by the express provisions of Laws 1890, p. 1235, c. 569, § 167, there could be no legal audit of the claim.

Certiorari by the people, on the relation of the Brooklyn Cooperage Company, against Charles L. King and others, town auditors of the town of Altamont, to review the determination of respondents in disallowing a claim. Determination annulled.

Certiorari, issued out of the Supreme Court and attested on the 29th day of January, 1906, directed to Clarence L. King, Daniel C. Randall, and Edward H. Page, as former town auditors of the town of Altamont, in the county of Franklin, and Clarence L. King, Edwin R. Safford, and Edward J. Clohosy, as the present town auditors of said town, commanding them to certify and return to the office of the clerk of the county of Franklin all and singular their proceedings had in relation to their disallowance and rejection of a claim of the relator against such town, for lack of jurisdiction to pass upon it. The relator is a corporation engaged in the manufacture of wood alcohol and of cooperage materials at Tupper Lake, in the town of Altamont, Franklin county, and employs a large number of men in carrying on its business there. The territory embraced in such town consists largely of wild and unoccupied forest lands, and any lands which are now owned or which may be hereafter acquired by the state of New York in such town are or become a part of the forest preserve of the state. In the months of April, May, and June, 1903, there were extensive and destructive fires in said town, which burned over a large area of the forest lands therein and threatened to extend to other large areas therein and elsewhere. It is claimed by the relator that on the 30th day of April, 1903, it was requested by the fire warden and the assistant or district fire warden of such town to employ its large force of employés in arresting, preventing, and extinguishing such fires, and that in compliance with such request the relator did furnish and employ a large number of laborers for a long time for that purpose, and that said town is liable under section 227 of the forest, fish, and game law (Laws 1900, p. 65, c. 20), as amended by section 1. c. 519, page 1277 of the Laws of 1901, for such services. In November, 1903, it presented a claim to the board of auditors of such town for such services rendered from April 29th to June 20th, amounting to $5,646.50, for wages paid and supplies given to its men for fighting fire. The claim bore upon its face the approval of E. Le Boeuf, fire warden of such town. As presented it was not itemized or verified. Notwithstanding this, the members of the town board indorsed thereupon their allowance at the full amount claimed. It was afterwards verified, and had affixed thereto an itemized statement of the names of the men and number of hours work performed by each. Thereafter, and on the 14th day of December, said Le Boeuf presented an account to the board of town auditors, with his approval indorsed thereon, which account included the plaintiff's claim and the claim of several others for services of men for fighting fire. The claim first presented by the relator was headed: "Town of Altamont, County of Franklin, to Brooklyn Cooperage Co., Tupper Lake, N. Y., Dr." The claim presented December 14th was headed: "Town of Altamont, to E. Le Boeuf, Dr., as Fire Warden." It is alleged in the return that the board of town auditors at its December meeting reconsidered its previous action in indorsing the claim as first presented with their approval and allowance thereof at $5,646.50, and rescinded the same, and then "on the 26th day of December, 1903, duly considered, audited, and disallowed said claim and the whole thereof, and indorsed upon the back of the same their audit and disallowance, and then signed and duly filed such decision, of all of which the relator had due notice." The relator then procured the issuance of an alternative writ of mandamus requiring the board of

town auditors to certify its allowance of said claim and file the same with the town clerk, and requiring the supervisor to present such certificate of allowance at the next annual session of the board of supervisors of Franklin county, or show cause why the command of such writ should not be obeyed. A return was made to such writ, and the issues raised thereby were tried before the court, resulting in a decision and order "that the claim was never properly presented to the board; that, as the account was not itemized, it was never presented to the board as the statute required, and was never audited or passed upon by the board, for the reason that it was never legally presented; that the act did not go far enough to make an audit of such an improperly presented bill; and that the motion for a nonsuit is granted, and the writ is quashed and dismissed." The relator thereafter, and on the 20th day of November, 1905, again presented its itemized claim or account to the board of town auditors in duplicate, supported by numerous affidavits and bearing the indorsement thereon of the approval of the fire warden of the town, under the date of the 5th day of November, 1903. Said board determined that, as said claim had been audited and disallowed in 1903, it had no jurisdiction to pass upon the same, and that, if they had jurisdiction, they would decide that it was not a valid claim against the town and indorsed upon or affixed thereto a statement to that effect; and it is that determination that is sought to be reviewed by this writ.

Argued before PARKER, P. J., and SMITH, CHESTER, COCHRANE, and KELLOGG, JJ.

John P. Badger, for relator.
John P. Kellas, for defendants.

CHESTER, J. It is urged by the relator that the final order in the mandamus proceeding is res judicata between the parties, and by the defendants that, as that was made at the close of the relator's proofs, it was simply a nonsuit, and not a determination upon the merits. From the view we take of the case, it is unimportant which of these contentions is right; for it is entirely clear to us, as decided by the court in that proceeding, that when the claim was first presented for audit by the relator it was not in form to give the board jurisdiction to act thereon, except to reject it for informality, for it was then neither verified nor itemized as required by law. Section 167, Town Law (Laws 1890, p. 1235, c. 569).

It is conceded by the defendants that the question whether the claim was audited and disallowed in December, 1903, was not involved in that litigation, but only the question as to whether or not it was legally audited and allowed in November, 1903. We think the determination of the case we are now considering turns wholly upon the question whether or not there was a legal audit and disallowance of the claim when the board, in December, 1903, assumed to reconsider its former illegal action in indorsing its allowance upon the claim. If there was then such an audit and disallowance, the board was correct in holding that it had no jurisdiction to pass upon it a second time. People ex rel. Myers v. Barnes, 114 N. Y. 317, 20 N. E. 609, 21 N. E. 739; Osterhoudt v. Rigney, 98 N. Y. 222. But if it was not then presented by or on behalf of the relator and without its knowledge, or was improper and defective in form, such presentation is not a bar to a subsequent presentation and audit. People ex rel. Andrus v. Town Auditors, 33 App. Div. 277, 53 N. Y. Supp. 739. It cannot be properly said that the action of the board in December, 1903, was in

any sense a reconsideration of its former action; for what was then done related to a distinct and separate presentation by a different party of a different claim than that first presented by the relator. The relator presented no claim in December. The one then acted upon was not the one presented by the relator in November before, but was one furnished by Le Boeuf, the fire warden, and which, while it included the items of relator's claim, also included those of a large number of other claimants, and was presented in his name, and not that of the relator, and with no apparent or proven authority from the relator to act as its agent in such presentation.

In the return to the alternative writ of mandamus made in 1904, it was alleged that the relator did not after November 5, 1903, present to or supply the board with "any items, verified statements of any such claim, or properly prepared itemized claim against said town," which allegation is altogether inconsistent with the claim, now made, that it was properly presented for audit on behalf of the relator and disallowed in December, 1903. Moreover, it is not apparent from this record that the relator had any notice that its claim was again to be presented in any form in December, 1903. It is true that in the return it is stated that the relator "had due notice" of the reconsideration by the board of its previous action and of its proceedings upon such reconsideration; but this is a mere allegation of a conclusion. There is nothing said as to whether the notice was served upon the relator before or after such alleged reconsideration, nor as to where, or by whom, or upon whom such notice was served; nor is there any return of any notice or of any proof of service of any notice upon the relator, and the relator denies that it had any knowledge of any presentation or reconsideration until long after it had occurred. From all this it cannot be held that it had due notice, or any notice.

Nor was the claim which was presented by Le Boeuf properly verified to give the board jurisdiction to act upon it upon the merits. It bore only the affidavit of Le Boeuf "that the charges are proper and correct and that no part thereof has been paid or satisfied." The statute (section 167, Town Law) provides that no account shall be audited unless such account shall be made out in items and accompanied with an affidavit attached thereto, made by the person presenting or claiming the same, "that the items of such account are correct and that the disbursements and services charged therein have been in fact made or rendered, * * * and stating that no part thereof has been paid or satisfied." It was natural, of course, and commendable, for Le Boeuf, who had no connection with the relator or its business, and therefore no personal knowledge as to whether the items in the account were correct, or whether the services charged therein had been in fact rendered, to omit the statement of those facts from the affidavit; but by reason of such omission the affidavit failed to comply with the law. There was, and could have been, therefore, no audit and disallowance of the relator's claim in December, 1903, which would be effectual to operate as a bar to a subsequent presentation of the claim in proper form. People ex rel. Andrus v. Town Auditors, supra. So far as this record shows, the relator has never had its claim properly presented and audited by the town board, and the denial by the

board of an audit of the claim when last presented, on the ground of lack of jurisdiction in the board to act upon it, cannot be sustained. An opportunity should therefore be afforded to the relator to present its claim in due form, supported by such proofs as it desires to furnish, in order that it may exercise its right under the law to review the determination in case of a disallowance of the claim in whole or in part.

The determination should be annulled, with $50 costs and disbursements. All concur.